WING, relator, *vs.* TOMPKINS, Judge.

[This case was argued at the last term and the decision reserved.]

When the bill of exceptions does not state the facts correctly, the presiding judge *may* certify with the addition of an explanatory note, but he is not compelled to pursue this course; he may return the bill, with his exceptions thereto in writing, to counsel for plaintiff in error, and refuse to sign until the objections have been removed.

Practice in the Superior Court. Practice in the Supreme Court. Before Judge TOMPKINS. McIntosh Superior Court. April Term, 1877.

Reported in the decision.

W. A. WAY; H. A. DUNWOODY; McCONNELL & HEY-
WARD, for relator.

R. E. LESTER; P. W. MELDRIM, for respondent.

WARNER, Chief Justice.

This was a *mandamus nisi* issued by this court, calling
upon Judge Tompkins to show cause why a *mandamus*
absolute should not be granted requiring him to sign and
certify a bill of exceptions, which had been made out and
tendered to him by the defendant in a criminal case.    In
his answer to the *mandamus nisi* the judge states that he re-
fused to sign and certify the bill of exceptions tendered to
him because the same was erroneous in several particulars,
and returned the same to the defendant's attorney with his
objections in writing, as required by the 4257th section of
the Code.    Instead of removing these objections, the de-
fendant's attorney returned the bill of exceptions to the
judge with the request that he should sign it at all events,
and append thereto, if he chose to do so, a certificate of his
objections, which the judge declined to do.

. It was the duty of the defendant's attorney to have re-
moved the objections pointed out by the judge, or to have
proceeded as required by the 4258th section of the Code.
The judge may sign and certify a bill of exceptions with
an explanatory note thereto, but he is not compelled to do
so when it does not state the truth and the whole truth
as to all the material facts which occurred on the trial of
the case.    The better practice is to require that the bill of
exceptions should state all the material facts correctly before
the judge certifies to the truth of the same, and then there
will be no necessity for any explanation.    Let the applica-
tion for a *mandamus* be discharged.