## ANDERSON *vs.* WALKER & ENGLISH.

Where the certificate of the presiding judge shows that the bill of exceptions as presented is not true, but he certifies that it is true with certain material qualifications stated in the certificate, the writ of error will be dismissed. 67 *Ga.*, 764; 68 *Id.*, 27; 71 *Id.*, 287.

(a.) When the error in the bill of exceptions was stated in writing by the judge, and his objections to signing it were thus made known to the party applying therefor, he should have proceeded to remove the same in the manner prescribed by §4257 of the Code.

(b.) This court is less reluctant to dismiss the present case, because upon looking into the record, no error appears.

Writ of error dismissed.

April 15, 1884.

HALL, Justice.

[In the case of Ailsey Anderson *vs.* Walker & English, a verdict was rendered for defendants, a motion for new trial

made and overruled, and plaintiff excepted. The bill of exceptions set out these facts, and assigned error on the overruling of the motion, and then contained this further assignment:

"Plaintiff also assigns as error the refusal of the court to rule out all of the evidence of William English as to the amount and items of the account against plaintiff, when on cross-examination it appeared that he was testifying from a memorandum taken from defendants' books, which testimony is fully set out in the brief of evidence."

At the close of the bill of exceptions was written the usual certificate. Before signing it, the judge added the following:

"Except that I do not ceritify to the words beginning with the words, 'plaintiff also assigns as error,' and concluding with the words, 'which testimony is fully set out in the motion.' Such does not appear in the motion. I certify this, that plaintiff did move to rule out English's testimony until the original books were produced, showing the account; and the court ruled that such evidence of account was not admissible, unless proof was submitted going to show that the account was shown the plaintiff and adopted by her after knowing what it was; and charged the jury that it was not necessary to produce books if the proof showed that the account was exhibited to the plaintiff, that she knew what it was, admitted its correctness, and then sold the mule."

A motion was made to dismiss the writ of error, because the bill of exceptions appeared from the certificate not to be true.]