ANDERSON *vs.* FAW *et al.*

1. All the subtantial defendants in error must be served with the bill of exceptions; and if one of them be a member of a law firm, which firm are the attorneys of record, an acknowledgment of service and a waiver of further service signed by him, not as an attorney, but as an individual, will not avail as evidence of service upon his co-defendants.

2. When a bill of exceptions is duly presented, the judge, according to strict law, can do only one of two things, either return it with his objections, or sign the certificate. Should he do neither, the remedy is *mandamus* to compel signing. To sign a certificate so written or altered as to be substantially different from that which the statute prescribes, is equivalent to not signing at all, and must be so treated.

3. Courts administer law according to law, and not otherwise.

December 5, 1887.

Practice in Supreme Court. Service. Attorney and Client. Judge. *Mandamus.* Courts. Before Judge BROWN. Cobb Superior Court. March Term, 1887.

Reported in the decision.

IRWIN & IRWIN, for plaintiff in error.

ENOCH FAW, for defendants.

BLECKLEY, Chief Justice.

There was a motion made to dismiss this writ of error, upon two grounds: (1) Because all of the defendants in the court below, who are also defendants here, or ought to be, were not served with a copy of the bill of exceptions; (2) because, in certifying the bill of exceptions, the judge qualified his certificate, and said that the bill of excep-

tions, as presented to him, was not true in three particulars, pointing them out.

1. There were several defendants below. One of them was Mr. Faw. And the attorneys representing all the defendants were Winn & Faw, whose firm name appears to the demurrer, the plea and the answer filed to the bill of complaint in the court below. They, as a firm, are the attorneys of record. The bill of exceptions has upon it an acknowledgment of service, and a waiver of all further service,.signed simply by Faw, not as an attorney, but as an individual; and we hold that this imports that Faw was served as a party, and not as an attorney for his co-parties. The bill of exceptions alleges error which involves the rulings of the court in reference to all the defendants below. There was a demurrer sustained as to all of them,—sustained wholly as to all except Faw, partially as to him; and the sustaining of that demurrer is one of the errors assigned. There are other errors assigned, which may or may not affect the other parties defendant; but certainly this one does. So that the bill of exceptions ought to be dismissed upon this ground, if it were the only one.

2. But the other ground also is sustainable, because the certificate is not such as the statute contemplates. The certificate ought to be, that the bill of exceptions is true. Here the judge interposes between the certificate and the signature of the counsel to the bill of exceptions some two pages of statement and explanation, contradicting a part of the bill of exceptions, and a part, too, upon which error is assigned. In his certificate, he says the bill of exceptions is not true with reference to that matter, but that what he has written out is the truth; and then he specifies two other particulars in which he says the bill of exceptions is not true, and simply rests on that statement. Now, this is not the course contemplated by the statute. The judge ought either to certify or refuse to certify. He ought to write nothing else and sign nothing else but the

certificate prescribed.   If he cannot certify to the truth of the bill of exceptions, he ought to return it, with his objections, and afford opportunity for it to be made correct. If he does not take that course, but signs the certificate with such qualifications as are inserted in this, the counsel ought to treat it as a failure to sign altogether, for it is equivalent to that, and ought to apply for *mandamus* to compel signing.   That is the course pointed out by the statute; and it is the course indicated by this court in the case of *Preetorius vs. Barnes,* 75 *Ga.* 313, in which case a certificate less objectionable by far than this was held to be insufficient, and the writ of error was dismissed.

3. There is no hardship upon anybody in pursuing the law.   There is no way to administer justice by courts except according to law; and those who are unwilling to observe the forms and methods of the law have no right to its remedies.   Why should courts endeavor to administer justice in any other way than in the way prescribed ?   Why should counsel or parties desire it ?   No man has any more right to a judgment in a court unless he gets it by the methods of the law, than he has to a judgment anywhere else ; and a court has no power and is under no duty to give judgment, except upon legal terms.   It is no hardship upon skilled experts, such as attorneys at law, for them to exercise their skill and knowledge in their peculiar business, and see that the forms of law are complied with. For instance, what reason is there why a bill of exceptions should not be served upon all the parties in the manner prescribed by the statute ?   Is overlooking until too late the fact that it is not so served, any reason for proceeding with it as if it were served ?   None at all.   It is a great deal better that the counsel should duly attend to such matters than that the courts should warp the law and bring it into confusion and uncertainty by endeavoring to cover their failures.   Such a question is not one in which the parties alone have an interest.   There is a public policy in having method and order, and in adhering to the same;

because with such observance very little time is consumed in merely running the machinery of a case; but when observance has been neglected, you have to stop and examine minutely the condition of the machinery, and see exactly what order it is in, and whether that order conforms substantially to the conditions prescribed. All this involves time and labor on the part of courts and delays suitors who are waiting to have their business transacted, and who are ready to present their cases according to the forms and methods of law as laid down. There is no rigor in administering to every one even strict law in matters of procedure; and whenever courts have any object to subserve except the administration of law, according to law, they will go astray. However desirous we may be to hear every case on its merits, and not let parties or counsel suffer by their oversights and failures, we cannot yield to any such desire without throwing everything into confusion. As a court we must have but one purpose, and that is to administer law according to law; and acting up to that standard in this case, the writ of error is dismissed.