Hatcher *et al. v.* Smith & Gordon *et al.*

84   451
102   789

In order for there to be a legal writ of error, the whole bill of exceptions must be true and be so certified. When the certificate of the judge verifies it in part only and shows it to be in part untrue, the certificate is insufficient.

February 24, 1890.

Practice in Supreme Court.

Reported in the decision.

C. B. Wooten, J. M. Griggs, R. F. Simmons and J. H. Lumpkin, for plaintiffs in error.

Hardeman & Nottingham, J. W. Walters, Hoyl & Parks and W. C. Worrill, *contra.*

Bleckley, Chief Justice.

The motion to dismiss the writ of error on the ground that the bill of exceptions is not duly certified must prevail. The question, in this case, is governed by the code, not by the act of 1889. The bill of exceptions states that " The recitals of facts contained in said motion for new trial are true and correct." The certificate of the judge affirms, in effect, that some of them are not true, and says expressly that " the court does not approve of the 11th and 14th grounds of the motion for new trial " in certain specified particulars. The writ of error is a unit, and the case is a unit so far as the writ of error is concerned. The bill of exceptions might as well be wholly untrue as partly so. There is no provision of law for entertaining here a bill of exceptions which is partly true and partly not. It need not embody the *whole* truth where the whole is not essential, but what it does set forth must be all true, and the judge must so certify. There may be *dicta* in our Reports which ignore this distinction, but we know of no case in which the question was under adjudication that does so. Consistency with the cases directly

in point, as well as with the general tenor of what has been said from this bench on the general topic, requires us to sustain this motion. *McBride* v. *Beckwith*, 67 *Ga.* 764 ; *Anderson* v. *Walker*, 73 *Ga.* 114 ; *Anderson* v. *Faw*, 79 *Ga.* 558.                    *Writ dismissed.*