GRESHAM *v.* TURNER.

1. Where neither the certificate of the judge nor that of the clerk is such as is prescribed by the act of November, 1889, for bringing cases to this court, and where some of the record which the judge certifies to be necessary does not appear in the transcript sent up by the clerk, the writ of error will be dismissed.
2. The act prescribes the terms of the certificate which the judge is required to sign, and directs that, if needful, he shall change the bill of exceptions so as to make it conform to the truth and contain all the evidence, and refer to all the record, necessary to a clear understanding of the errors complained of. The needful changes are to be made in the bill of exceptions, but no change in the certificate is allowable.          *Writ of error dismissed.*

December 7, 1891.

Practice in Supreme Court.

The bill of exceptions in this case makes certain assignments of error based upon the overruling of a motion for new trial, and sets forth that certain portions of the evidence are material to a clear understanding of the errors complained of, and that it is contained in exhibits to the bill of exceptions, with the exception of part of a certain bill in equity. The judge's certificate to the bill of exceptions states that the bill of exceptions

is true, and specifies all of the evidence and specifies all of the record material to a clear understanding of the errors complained of, except the motion for new trial and the brief of evidence, "all of which must also be sent up, including the whole charge of the court," and the clerk of the superior court was ordered to make out a complete copy of "such record and parts of the record" as were in the bill of exceptions specified "and directed by the court," certify the same as such, etc. The record as transmitted by the clerk of the superior court does not contain the brief of evidence nor the charge of the court.

J. S. JAMES, for plaintiff in error.

W. A.*JAMES, contra.