GREGORY *v.* DANIEL & SON.

1. It affirmatively appears that the bill of exceptions was signed and certified within thirty days after the adjournment of the term of the court at which the decision complained of was made. In view of the act of December 18th, 1893, no cause appears for dismissing the writ of error. LUMPKIN, J., concurring *dubitante.*
2. Under the code, section 4057, a *certiorari* is returnable to the term of the court first held after twenty days from the time the writ is issued; and by section 4059, notice of the sanction and of the time and place of hearing is sufficient if given ten days or more before the sitting of the court to which the writ is returnable. It follows that the time when the petition for *certiorari* was sanctioned is immaterial upon the question of whether the notice was too late or not.

July 16, 1894.

*Certiorari.* Before Judge RONEY. Burke superior court. December term, 1893.

J. B. GREGORY, by brief, for plaintiff in error.

JOHN J. JONES & SON and JOSIAH HOLLAND, *contra.*

LUMPKIN, Justice.

1. When this case was called in this court, a motion was made to dismiss the writ of error, (1) because it did not appear that the bill of exceptions was certified by the judge within thirty days from the adjournment of the court; (2) because no parts of the record were specified in the bill of exceptions as being material to be brought up to the Supreme Court; and (3) because the judge's certificate was in the form prescribed by the law prior to the passage of the Supreme Court practice act of November 11th, 1889. The motion to dismiss was overruled. The bill of exceptions recites that the case was tried at the December term, 1893, of Burke superior court, and was certified on the 28th day of the same month. Burke superior court convenes on the first Monday in December and the third Monday in May; so it affirmatively appears that the bill of exceptions was

certified in time. As to the other questions made in the motion to dismiss, we will simply remark that, under the broad provisions of the act of December 18th, 1893 (Acts of 1893, p. 52), we felt it our duty to retain the case and hear it on its merits. The writer reached this conclusion with grave doubt; but yielding to the better judgment of his associates, and accepting in good faith the legislative policy indicated by this act and many others, finally concluded to concur in the judgment of the majority. This court has no disposition whatever to dismiss cases on technical grounds; but there should be some observance of essential requirements in bringing cases before it, and with all due respect, we feel that the General Assembly has gone quite far enough in encouraging in the legal profession negligence and inattention to the forms of procedure which even very slight care would be sufficient to prevent.

2. The case was tried in a justice's court at the June term, 1892, resulting in a verdict for the plaintiffs, Daniel & Son. The defendant, Gregory, applied for a writ of *certiorari*, and the same was sanctioned by the judge of the superior court, July 2d, 1892. The writ of *certiorari* ought to have been issued and the case made returnable to the December term, 1892, of Burke superior court; but the clerk failed to issue the writ. At the term last mentioned, the court passed an order directing the writ of *certiorari* to issue, and that the same stand for trial at the next term of the court. The writ was accordingly issued on March 18th, 1893, and made returnable to the May term, 1893, of the superior court. Notice of the sanction of the writ of *certiorari*, and of the time and place of hearing, was properly given April 27th, 1893. The case was finally heard at the December term, 1893, of the superior court, when a motion was made to dismiss the *certiorari* on the ground that notice of the sanction, etc., had not been given ten days

before the December term, 1892, of the superior court, to which term the *certiorari* ought to and would have been made returnable had the writ been duly issued. The court sustained the motion and dismissed the *certiorari*, and in so doing committed error. Under section 4057 of the code, a *certiorari* is returnable to the term of the superior court first held after twenty days from the issuing of the writ of *certiorari*. As the writ in the present case was not issued until March 18th, 1893, the *certiorari* was undoubtedly returnable to the May term, 1893, of the superior court, and the notice was given ten days before the sitting of that term, as required by section 4059 of the code. It is immaterial, so far as relates to the question in hand, at what time the petition for *certiorari* was sanctioned, or when the writ ought to have been issued. Under the plain terms of the sections of the code cited, the notice was given in time, and the case ought not to have been dismissed.

*Judgment reversed.*