HAWKINS *et al. v.* MAYOR & COUNCIL OF AMERICUS.

Where the judge's certificate to a bill of exceptions verifies it in part only, and shows it to be in part untrue, the certificate is not a lawful one, and the writ of error must be dismissed.

Argued and Decided February 25, 1898.

Motion to dismiss writ of error.

*S. H. Hawkins,* for plaintiffs in error.
*Allen Fort, James Taylor* and *Hixon & Callaway,* contra.

LITTLE, J.   When this case was called in its order, counsel for the defendant in error moved the court to dismiss the case, upon the ground that the bill of exceptions was not signed and certified according to law.   It appears from an inspection of the bill of exceptions, that the plaintiffs in error filed an equitable petition, with a prayer for injunction against the defendant. The bill of exceptions contains a brief of the evidence in the case, the order of the judge below refusing the injunction, and other matters pertinent to the cause, and is in other respects in the usual form.   Following the brief of evidence is the usual form of certificate written out for the signature of the judge, which, however, remains unsigned, but attached is a lengthy certificate signed by the judge, which opens with the assertion that he had declined to certify one bill of exceptions presented in the case, that this one was the second, and that if certifying this one should be declined it might operate to defeat a hearing of the plaintiffs' case in this court; and he proceeds then to give a brief history of the case, with what he terms such corrections as are deemed absolutely necessary, and also his refusal to certify such parts as can not be corrected.   After giving a history of the case, he certifies that a certain affidavit in the bill of exceptions is not a correct and fair brief of the same, and that he expressly declines to certify it as such.   He then refers to the assignments of error in paragraph 1 page 17, paragraph 4 page 18, paragraphs 5 and 7 page 19, and declares that they are not true and correct, and that he declines to certify them as such.   He then sets out that no such objection as that set forth in assignment of error paragraph 8 page 19 was made,

and he expressly declines to certify that it is true and correct.
After this he says: "With the above and foregoing statement
and correction, I do certify that the bill of exceptions is *then*
true, and contains," etc.   This is signed by the judge and
dated.    Under the motion of counsel for the defendant in error,
the question is, whether this certificate is such a compliance with
the law requiring bills of exceptions to be certified as true, as
gives this court jurisdiction to entertain and consider the same.

Unless the act approved December 18, 1893, which is enti-
tled "An act to regulate the practice before the Supreme Court;
to prevent the dismissal of cases therein upon technical grounds,"
etc., applies in a case like this and operates to make the cer-
tificate a legal one, confessedly there is no writ of error here,
and hence no question that this court can consider.   It is pro-
vided by our constitution, art. 6, sec. 2, par. 5, that: "The Su-
preme Court shall have no original jurisdiction, but shall be a
court alone for the trial and correction of errors from the supe-
rior courts," etc.   The constitution is silent as to the method
of submitting cases to this court, but it is operative when it de-
clares that hearings in this court shall be confined to trials of
errors and corrections of errors committed by the courts named
in the paragraph cited; and the meaning is clear that there
shall be in this court only trials of alleged errors, which, if
found to have been committed, shall be corrected by its judg-
ment.   The duty devolved upon the General Assembly to en-
act such rules and regulations for bringing cases to this court
as, in their wisdom, should best subserve the purposes of its or-
ganization.   Cases are brought here, not that they shall be again
tried in this court, but for the purpose alone, in the language
of the constitution, for a trial of errors alleged to have been
committed in other courts; and in discharge of the duty im-
posed, the General Assembly has, from time to time, provided
by law the mode and manner in which these alleged errors
must be submitted for trial in this court; and a reference to
such enactments will determine whether or not the motion to
dismiss shall prevail.   Under the method established for the
correction of errors by this court, it is apparent that it is the
office of the bill of exceptions to set forth the action of the court

which is alleged to be error; and the office of the certificate to be attached to such bill of exceptions by the judge, to establish the truth of such action.   By the act of 1889, which is codified in section 5532 of our Civil Code, a form of the certificate which it is provided the judge *shall* attach to the bill of exceptions, is given; and this certificate, to be signed officially by this officer, must be to the effect that the bill of exceptions is true. By section 5530 of the Civil Code it is provided that when a bill of exceptions is tendered to the judge, he shall, by any needful alteration, cause the same to conform to the truth, etc.   This certificate is the only legal means which this court has of ascertaining whether the statements of fact upon which error is predicated are true, and upon this certificate alone of the truth of any matter has this court jurisdiction to consider it.   As framed, the statute contemplates that only a bill of exceptions which is true in fact shall be sent to this court.   "It is the duty of counsel for plaintiff in error to present to the presiding judge for his certificate a true bill of exceptions." *Vason & Davis* v. *Gardner*, 70 *Ga.* 517.   And if the bill as presented does not conform to this requirement, the judge should return it to counsel, with such objections as he may discover, made in writing; and "these objections" should be met and removed by counsel before such bill of exceptions is certified and sent to this court.   Civil Code, § 5545.   A reasonable time will be given to counsel to perfect the bill according to the judge's direction.   *Allison & Davis* v. *Jowers*, 94 *Ga.* 335; *Joseph* v. *Railway Co.*, 92 *Ga.* 332.   Prior to the practice act of 1889, it was held that the judge might himself correct the bill of exceptions and then certify the same, with the addition of an explanatory note, although the better practice was to require counsel to perfect his bill of exceptions so as to conform to the truth.   *Wing* v. *Tompkins*, 60 *Ga.* 447.   Such corrections could be made "by striking out portions of it, the judge alluding thereto in his official certificate."   *Clayton* v. *May*, 68 *Ga.* 27.   The practice of correcting bills of exceptions in important particulars by notes appended to the writ of error was condemned in *McCall* v. *Walter*, 71 *Ga.* 287, as "directly in the face of the law providing how omissions shall be supplied and

incorrect statements in bills of exceptions rectified." In *Mc-Bride & Co.* v. *Beckwith*, 67 *Ga.* 764, the rule was clearly and tersely laid down, that "When the certificate of the presiding judge to the bill of exceptions shows on its face that the recitals therein are not true, the writ of error will be dismissed"; and this rule was followed in *Anderson* v. *Walker*, 73 *Ga.* 114; *Anderson* v. *Faw*, 79 *Ga.* 558; *Hatcher* v. *Smith*, 84 *Ga.* 451. In the last case, Bleckley, Chief Justice, says: "There is no provision of law for entertaining here a bill of exceptions which is partly true and partly not true." These cases have not been overruled. In *Gresham* v. *Turner*, 88 *Ga.* 160, neither the certificate of the judge nor that of the clerk conformed to the act of 1889, and the writ of error was dismissed. The court ruled that the requirement of that act as to the judge making such needful corrections as were required to make the bill of exceptions conform to the truth contemplated that: "Needful changes are to be made in the bill of exceptions, but no change in the certificate is allowable." And in *Joseph* v. *Railway Co.*, supra, it was ruled that the judge's duty extended only to making "such corrections as can properly be made by erasures and interlineations." To same effect is *Pusey* v. *Sweat*, 92 *Ga.* 809. So that the question would seem to be concluded against the validity of the bill of exceptions in this case, unless it is saved and can be maintained under the act of 1893 (Acts 1893, p. 52). Section 1 of that act declares that it is unlawful for this court to dismiss a case brought here, for any want of technical conformity to the statutes or rules for bringing cases to this court, where there is enough in the bill of exceptions to enable the court to ascertain the real questions in the case, etc. It will be observed that no attempt is made to change existing law in relation to the method of bringing cases to this court, nor any new method provided. The requirement of the section is, that no case shall be dismissed for want of technical conformity to the statutes or rules regulating the practice. Section 2 of the act prescribes that no failure of the judge to see that the certificate is in legal form shall be cause of dismissal here, while section 3 provides for amendments of the bill or certificate so as to conform to the truth of the case and

the forms of law. So that cases may not be dismissed here for want of technical conformity to the statutes, nor because of the failure of the judge to see that the certificate is in proper legal form. Giving effect to this statute, the court held in *Gregory* v. *Daniel*, 93 *Ga.* 795, that a bill of exceptions could not be dismissed either because no part of the record was specified or because the judge's certificate was "in the form prescribed by the law prior to the passage of the Supreme Court practice act of November 11, 1889." As to section 3 of this act, this court, in *Cook* v. *Banks*, 95 *Ga.* 229, held that the provision of the act in regard to amendments of bills of exceptions or certificates was too loose for application, no form of procedure being declared, etc. The statute requires the judge to certify that the bill is true. If he does so substantially, it is sufficient, as was ruled by this court in the case of *Gregory* v. *Daniel*, supra. If he does not, the case is not properly here, not only because of the statute which requires it, but because from the nature and constitution of this court it can and ought not to undertake to try errors alleged to have been committed in another court, without the fullest and clearest verification that the action complained of was had in the court from whence it came. Does the act of 1893 change the requirement to which we have referred as being contained in section 5545 of the Civil Code? Fairly interpreted, the provisions there declared are, that none but a perfected or true bill of exceptions shall be certified or brought to this court. Does it confer upon the judge below any right, without first requiring counsel to perfect the bill so as to truly set forth the action of the court or himself make the correction needful for this purpose, to certify to anything? Is it not required by law that he shall have a true and correct bill before he is authorized to attach a certificate of any kind? When we apply the provisions of the act of 1893 to the question of the dismissal of a case, we must consider whether there is any want of technical conformity to the statutes or rules. If such be the case, the writ of error will not be dismissed, if there is enough in the bill of exceptions to enable this court to ascertain the real questions in the case. It will, we apprehend, be found that a distinction exists between a certificate which, how-

ever loosely or carelessly and imperfectly drawn, intends and means to certify the truth of the whole bill, and a certificate formal in its character which, without regarding the provisions of section 5545 of the Civil Code, supra, undertakes to certify a bill of exceptions as wholly or partially untrue., In the former case the act has application, and enables this court to carry out the intention of the judge, and allows us to construe the certificate as it is meant, even if in doing so we dispense with the formal words of the statute. But this provision of the act can have no application to cases of the latter class, and it is not the meaning of that act that this court shall construe a certificate which does not certify as a certificate which does bear witness of the truth of the bill though couched in informal language.

If judges are authorized at all to certify an imperfect bill as partly true and partly false, the important right given to counsel for plaintiffs in error, of having an opportunity to correct the bill to meet the objections of the judge, must be rendered entirely nugatory. If judges had this power, it is possible that in its legitimate exercise statements or assignments found to be more or less objectionable would be eliminated, and it is possible that where counsel intended to bring to this court for adjudication questions of prime importance, they would find that, for some slight omission or error, only immaterial points were certified as true, while the graver matters in issue might have easily been made to conform to the facts of the case by the observance of the statute. It is not attempted nor intended by the act of 1893 to repeal the provisions of the code section heretofore referred to, which provisions are still the law as to what bills of exceptions may be certified, in no way conflicting with the requirements of that act.

If this reasoning is correct, two propositions will follow as a matter of law: (1) Until the bill is perfected so as to conform to the truth, it can not be certified. Being in an imperfect state and as a whole untrue, it can not come legally to this court, and no certificate showing other than its truth can help to bring it here, because it would be a direct violation of law. (2) If the bill is true, it is a proper subject-matter for verifi-

cation and transmission to this court, whether made so by correction of counsel in the manner pointed out by law, or by the judge in the court below as allowed by law.  In either event it is rendered true, and is entitled to be certified because it is true.

In verifying the grounds of a motion for a new trial, a practice has grown up on the part of some of the trial judges to certify some of the grounds of the motion to be true and to deny the truth of others; and this court, giving effect to the orders and approval of the judge, considers such only of the grounds as are approved.  Without criticising this practice, although much could be said against it, such action by this court can not be held as in any way analogous to the certification of a bill of exceptions, because, while grounds for a new trial must be approved as true before they will be considered here, there is a plain mandate of law requiring bills of exceptions to be true before they are certified and to be certified as true.  Unless so certified, there is no writ of error, and hence no jurisdiction in this court to consider the contents of the bill.

Inasmuch as the certificate of the trial judge to the bill of exceptions conveys official information to this court that as it is written the bill is not true; that part of the bill in certain particulars is untrue, and, save those parts which are untrue, the balance is true ; and as the law has given this court jurisdiction only to consider bills of exceptions which are certified to be true, the writ of error, on motion of the defendant in error, must be dismissed, and it is so ordered.

*Writ of error dismissed.  All the Justices concurring, except Cobb, J., absent.*