HENDLEY *v.* ADAMS.

1. Where a writ of habeas corpus was sued out before the ordinary, and his decision was carried to the superior court by certiorari, a writ of error to the decision of the judge of the superior court thereon was properly made returnable to the Supreme Court, and the jurisdiction to pass on such a case was in this court, not in the Court of Appeals.
2. Under the evidence there was no error in overruling and dismissing the certiorari.

Argued June 11,—Decided November 15, 1907.

Habeas corpus. Before Judge Felton. Bibb superior court. December 20, 1906.

J. A. Adams petitioned the ordinary of Bibb county for the writ of habeas corpus in order to recover possession of his minor child, a little boy, alleged to be unlawfully held by Mrs. L. S. Hendley, petitioner's mother-in-law, his wife being dead. On the return of the writ, after hearing evidence, the ordinary awarded the custody of the child to the petitioner. The respondent carried the case to the superior court by writ of certiorari. The judge overruled the certiorari, and a bill of exceptions was filed.

*Hardeman & Jones*, for plaintiff in error.

*R. Douglas Feagin*, contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The writ of error directed the clerk of the superior court to transmit the record to this court, and the case was accordingly docketed here. The question has been raised as to whether the Supreme Court had jurisdiction to retain and hear the case, or should transmit it to the Court of Appeals. We hold that it was properly brought to this court, and that the jurisdiction is here. The amendment to the constitution ratified in 1906 declared that "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors in law and equity from the superior courts in all civil cases, whether legal or equitable, originating therein, or carried thereto from the court of ordinary," etc. Jurisdiction was conferred upon the Court of Appeals "for the trial and correction of errors in law and equity from the superior courts in all cases in which such jurisdiction is not conferred by this constitution on the Supreme Court," etc. The evident purpose of the constitutional amendment was to create a Court of Appeals, and to provide for a division of business between the Supreme Court and that court; and that, in so far as civil matters were concerned, the Supreme Court should review cases originating in the superior courts and in the court of ordinary. Was this a civil case carried to the superior court from the court of ordinary, within the meaning of the constitution? No little confusion has arisen in regard to habeas-corpus cases, because of the peculiarity of the procedure, and because the terms appropriate to ordinary cases have not been found exactly appropriate in dealing with such proceedings. Sometimes cases of this

character have been spoken of as criminal or civil, according to whether the person restrained of his liberty was held under a criminal charge or not. But this is inaccurate. A person brought before a court by writ of habeas corpus is not tried on any charge against him; the State is no party; and no sentence can be pronounced against him. While for some purposes such descriptive terms may be permissible, in the accurate use of language a proceeding of this kind is not a criminal case. If the present case should be termed a criminal one, who shall rank as the person accused of a crime and convicted in the trial court? Shall it be the father who applied for the writ? or his mother-in-law, who had the custody of the child and claimed the right to keep him? Or shall it be the child? If the judgment below should be affirmed, no penalty would be enforced against any defendant, but the right of the father to the custody of his child would be determined. Such a proceeding is not a criminal case within the meaning of the constitution.

If this is to be classified with civil cases within the purview of the constitutional amendment referred to, is it a case which was carried to the superior court from the court of ordinary, within the intent and meaning of those words as there used? The confusion already mentioned arising from the inapplicability of terms suited to ordinary litigation to a habeas-corpus proceeding gives rise to this question. It has sometimes been said that the judge of the superior court, or of a city court, or the ordinary, when hearing a habeas-corpus case, is not exactly the superior court or city court or court of ordinary, but is a sort of special court, which has now and then been termed a "habeas-corpus court." Without discussing the cases in which language of this character has been used, or the correctness of the decisions made in them, in view of the questions actually involved, it may be suggested that the law of this State has created no court known as "a habeas-corpus court." It has conferred upon the judges of certain courts power to issue the writ and hear the case, but it has erected no distinct tribunal or set of tribunals for that purpose. If the ordinary, who is the judge of the court of ordinary, when hearing a habeas-corpus case, is not to be treated as acting as the ordinary, it would seem that the same rule would apply to a judge of the superior court under like circumstances. If the judgment of the latter judge in a pro-

-cceding of this character is not the judgment of a judge of the superior court, but of some special kind of tribunal, how is his judgment to be reviewed by this court at all? In *Moore* v. *Ferrell,* 1 *Ga.* 6, a motion was made to dismiss a writ of error, on the ground that exception was taken to the order of the judge of the superior court, dissolving an injunction at chambers, and that the Supreme Court possessed no jurisdiction over decisions made by judges of the superior court in vacation, because the act creating this court declared that "all causes of a criminal or civil nature, for alleged errors in any decision, sentence, judgment, or decree of any superior court" might be carried up by bill of exceptions. But the motion was overruled. The point was practically determined in the case of *Barranger* v. *Baum,* 103 *Ga.* 465, 469. It was there held that "A writ of error will lie direct to this court from the decision of the judge of the city court of Richmond county in a habeas-corpus case." The constitution at that time declared that "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such other like courts as may be hereafter established in other cities." In order to hold that a writ of error would lie from a decision of the judge of a city court to this court in a habeas-corpus case, it was necessary to hold that the decision of the presiding judge in such a case was the action of the city court within the meaning of that provision of the constitution.

If the law is clear, inconvenience can not change it. But if the question before us were doubtful, a different ruling from that now made would involve much confusion and uncertainty as to writs of error in habeas-corpus cases. Sometimes they would be treated as civil cases, and sometimes as criminal cases. Sometimes they would go from the superior court (in cases arising there or first heard by the ordinary) to the Court of Appeals, and sometimes come to this court. We do not think that it was the intention of this amendment to produce such a result.

2. On a careful consideration of the evidence, it appears that there was enough to authorize the judgment of the ordinary and that of the judge of the superior court sustaining it.

*Judgment affirmed.*　　*All the Justices concur, except Holden, J., who did not preside.*