NATIONAL BROADWAY BANK *v.* DENNY, executor.

1. The court committed error in overruling the demurrer to the amendment to the petition.
2. No sufficient reason is shown why the motion to dismiss the bill of exceptions should be granted, and it is overruled.

Argued February 5,—Decided August 14, 1909.

Equitable petition. Before G. E. Maddox, judge pro hac vice. Floyd superior court. August 4, 1908.

*Henry Walker,* for plaintiff in error. *M. B. Eubanks,* contra.

HOLDEN, J. The defendant in error, Denny, as executor of King, filed an application to enjoin the sale of certain real estate alleged to be the property of his testate. The original bill averred several grounds upon which an injunction was asked. An amendment was filed, making, among other allegations, substantially the following: The property was levied upon by virtue of a fi. fa. in favor of the plaintiff in error, hereinafter called the bank, against McGhee & Company, and others. The land levied upon is a part of a tract of land conveyed to King by Moore as receiver of Holt, by deed dated January 28, 1893. The land thus deeded to King was sold to Holt by McGhee, July 6, 1888. Holt paid McGhee part of the purchase-money, and McGhee took the notes of Holt for the balance thereof, and Holt went into possession of the property at the time of the purchase, and remained therein until Moore was appointed his receiver. The receiver sold the lands, on the first Tuesday in June, 1892, for the sum of $800. King bought the property at this receiver's sale. At the time the bank's

judgment was rendered, and at the time of the sale, Holt owed a balance on the purchase-money, amounting to $750 principal. King, after his purchase, sold approximately three fourths of the property to Mrs. Kendrick and Mrs. Beysiegel. At the time the fi. fa. was levied upon the land now claimed by the defendant in error, it was also levied upon the land sold, as above stated, to Mrs. Kendrick and Mrs. Beysiegel, and by a judgment of the court the portions sold to Mrs. Kendrick and Mrs. Beysiegel have been found not subject to the fi. fa. At the time the bank's judgment was rendered, the only interest of the defendant McGhee in the land was the right to receive the balance of the purchase-money, as the property had been sold and bond for titles made three years before the judgment was rendered. King bought the property in good faith, and has improved it, and the portion now held by him is about one fourth of the property sold by McGhee to Holt and by Holt's receiver to King. The part now claimed by defendant in error can not be subject to the fi. fa. in favor of the bank to a greater extent than its proportionate part of the unpaid purchase-money at the time the judgment was rendered, which should be not more than one fourth thereof. Defendant in error is ready and able, if the property is found subject to the fi. fa., to pay such proportionate part of the unpaid purchase-money to which it may be subject. He prays that the sale be enjoined and the amount of liability of the property to the judgment be fixed by a decree of the court, and that upon payment thereof the property be discharged from the lien of the judgment. The judge of the superior court was disqualified to try the case, and it was submitted to the Honorable G. E. Maddox as judge pro hac vice, who by consent of the parties heard the case without a jury upon the evidence submitted. Upon the trial the court rendered a decree holding, "that plaintiff is entitled to an apportionment as alleged and prayed for in the amended petition; the court finds that the property described in said petition is subject to and liable to said fi. fa. to the extent of one fourth of the unpaid purchase-money, as shown by the principal and interest due on the judgment of J. F. McGhee vs. H. Clay Holt, which one fourth amounts to $479.-59, and that upon the payment of said sum that the property described in the petition be discharged from the lien of said fi. fa., and that said fi. fa. be satisfied so far as relates to said property.

Upon payment of the aforementioned sum of $479.59 to the sheriff of Floyd County, the said sheriff, D. O. Byars, named in said petition, is enjoined and restrained from selling said property. On all other questions made by the pleadings, except as above indicated, judgment is rendered in favor of defendants." To this judgment, and to the overruling of its demurrer to an amendment to the petition, the plaintiff in error filed its exceptions.

1. We think the court committed error in overruling the demurrer of the bank to the amendment offered by the plaintiff to his petition. The amendment, among other allegations, made substantially the following: Prior to the rendition of the judgment in favor of the bank, one of the defendants in the judgment, McGhee had sold the tract of land to Holt, who received from McGhee a bond for titles and paid to him part of the purchase-money, giving notes for the balance. At the time of the rendition of the judgment, McGhee held the notes of Holt for this balance of the purchase-money of the land. The receiver of Holt sold the land at public sale, and King purchased the same. King afterward sold about three fourths of the land to Mrs. Beysiegel and Mrs. Kendrick. The execution issued upon the judgment was levied upon the entire tract of land, and by a judgment of the court the parts thereof sold to Mrs. Kendrick and Mrs. Beysiegel have been found not subject to the judgment. The remaining portion of the entire tract of land, amounting to about one fourth, was advertised to be sold; and the executor of King sought to enjoin the sale and have the lien of the judgment released as to such portion held by him, upon payment of one fourth of the amount due upon the purchase-money, or such amount as may be found by the court to be a proper proportion of the amount of such purchase-money, measured by the value of that portion of the land held by the executor of King as compared to the value of the entire tract. We do not think that under the allegations of this amendment the prayers thereof should have been granted. Where land has been sold and bond for title and possession given, and the vendee pays part of the purchase-money and gives the vendor his note for the balance thereof, the whole and every part of the land is subject to levy and sale under a judgment against the vendor who at the time of the rendition of the judgment held the legal title to the land and such note, but the purchaser at the sale

would take the land subject to the equity of the holder of the bond for title, in possession, to pay the balance of the purchase-money and demand title.     The bare fact that a portion of the land has been found not subject to the judgment would not prevent the bank, the owner of the judgment, from selling the remainder of the land and having appropriated to its judgment, to the extent of the amount due thereon, the proceeds of such sale equal in amount to the balance of the purchase-money and interest thereon. There is no allegation that the judgment, finding the part of the land sold to Mrs. Beysiegel and Mrs. Kendrick by King not subject to such judgment, was rendered as the result of such conduct on its part as would make it proper that the judgment in its favor should be credited with any amount, as far as concerns the owner of the balance of the land.

It was held, in a claim case between the parties to this record, in 118 *Ga.* 221 (44 S. E. 982): "A receiver's sale of land does not divest the lien of a judgment obtained prior to the sale, where the plaintiff in such judgment is a stranger to the proceedings under which the receiver was appointed and the sale ordered."   Counsel for the plaintiff in error contends that the evidence before the court was sufficient to show that that portion of the land advertised to be sold was claimed by King, and upon the trial of the claim case judgment was rendered finding it subject, and that this judgment is conclusive on the defendant that such portion is subject to the full and correct amount due on the judgment; but the record shows that all pleas setting up such allegations wherein the defense of the res judicata was made were withdrawn.   Such withdrawals were signed by counsel for the plaintiff in error and by the trial judge who heard the case.   Such contention can not, therefore, be considered, even if the bill of exceptions is in such shape that any question can be considered dependent upon the evidence.

2.   A motion was made on several grounds to dismiss the bill of exceptions, but no sufficient reason has been shown why the same should be granted.   If the bill of exceptions is such that the evidence can not be considered in determining any question dependent thereon, this is no reason why the bill of exceptions should be dismissed if there is an assignment of error on the rulings in regard to the pleadings requiring consideration.   In this case there was an assignment of error on the refusal of the court to

sustain the demurrer of the plaintiff in error to his petition, which was dealt with in the preceding division of this opinion.

*Judgment reversed.    All the Justices concur.*