## 2216.  DAVIS, sheriff, *v.* SMITH.

1. While writ of error does not lie in favor of the State in criminal cases, nor in favor of municipalities in prosecutions under ordinances, it does lie in favor of sheriffs, wardens, and other custodians of prisoners, where it is sought, by habeas corpus, to release from custody prisoners held under criminal charges or convictions.

2. Where in a bill of exceptions error is assigned upon the court's refusal to sustain a demurrer to the petition, and upon other matters, depending upon consideration of the evidence, and where, for any technical reason, such as the failure to have the evidence properly briefed, or approved or verified, the latter assignment of error can not be considered, the bill of exceptions will not be dismissed; but it presents for consideration only the error assigned as to the ruling on the demurrer.

3. If the judge's certificate to the bill of exceptions unqualifiedly verifies it, other irregularities in the certificate do not vitiate the proceeding.

4. Where no motion for a new trial is made, and direct bill of exceptions is taken, and a consideration of evidence is necessary, the plaintiff in error has the choice of setting out a summary of the evidence in the bill of exceptions, or of causing a brief of the evidence to be made, filed, approved, and sent up as a part of the record.

5. Habeas corpus can not be made a substitute for certiorari, bill of exceptions, or other similar remedial procedure, by which errors and irregularities in judgments or convictions are to be corrected. A conviction can be attacked by habeas corpus only when it is void. A judgment, though founded on no evidence, is not void where the defendant has actually or constructively had his day in court.

Habeas corpus; from city court of Wrightsville—Judge Kent. September 15, 1909.

Argued November 16,—Decided December 10, 1909.

*A. L. Hatcher, William Faircloth,* for plaintiff in error.

*B. H. Moye, E. L. Stephens,* contra.

POWELL, J. 1. That sheriffs, wardens, and other custodians of prisoners may maintain writ of error to review judgments in habeas corpus cases releasing prisoners is well settled in this State. Such cases are in no true sense criminal cases. *Hendley* v. *Adams,* 129 Ga. 518 (59 S. E. 227) ; *Livingston* v. *Livingston,* 24 Ga. 379, 383. See also ex parte Tom Tong, 108 U. S. 556 (2 Sup. Ct. 871, 27 L. ed. 826) ; United States *v.* Sanges, 144 U. S. 321 (12 Sup. Ct. 609, 36 L. ed.445) ; Henderson *v.* James, 52 Ohio, 242 (39 N. E. 805, 27 L. R. A. 290).

2. As to the matters stated in the second headnote, see *Sizemore* v. *Woolard,* 3 Ga. App. 261 (59 S. E. 833), and *National Broadway Bank* v. *Denny,* 133 Ga. 227 (65 S. E. 412).

3. As to the propositions stated in the third headnote, see *Starling* v. *State,* 5 Ga. App. 171 (62 S. E. 993). The question is also fully discussed in *Bailey* v. *Guthrie,* 1 Ga. App. 350 (58 S. E. 103), in which attention is called to the fact that the earlier cases of *Gresham* v. *Turner,* 88 Ga. 160 (13 S. E. 946) ; *Lovingood* v. *Roberts,* 89 Ga. 417 (15 S. E. 495), and *Holland* v. *Van Beil,* 89 Ga. 223 (15 S. E. 302), were abrogated by statute. See *Pusey* v. *Sweat,* 92 Ga. 809 (19 S. E. 816) ; *Gregory* v. *Daniel,* 93 Ga. 795 (20 S. E. 656), and *Scott* v. *Whipple,* 116 Ga. 214 (42 S. E. 519).

4. Prior to 1889, where no motion for new trial was made, it was necessary to incorporate the evidence in the bill of exceptions or to have it attached as a verified exhibit thereto; but now, by the

act of 1889 (Civil Code, §5529), the plaintiff in error may have a "brief of so much of the evidence as is necessary to a clear understanding of the errors complained of approved by the judge, and made a part of the record and sent up by the clerk as a part thereof, rather than have the same incorporated in the bill of exceptions." Compare *Johnson* v. *Gleaton,* 4 *Ga. App.* 383 (61 S. E. 493). The motion to dismiss, being controlled by the propositions above ruled, is overruled.

5. This is a habeas corpus case. The petition for habeas corpus brought by Smith alleged that he was held by the sheriff of the county and illegally restrained of his liberty, under an arrest by virtue of a judgment and sentence of the board of commissioners of roads and revenues of Johnson county, sitting as a road court. A copy of the sentence is set out. In the petition he asserts that the restraint is illegal and the judgment and sentence are void, for the following reasons: "Because said sentence and judgment are based upon no evidence, that no trial was had or given petitioner, that not a word of evidence was introduced or heard or offered by and before said commissioners to prove petitioner to be a road defaulter. Because petitioner was present in court when said case charging him with being a defaulter was called; that he announced ready for trial, plead not guilty, and demanded a trial; said commissioners then and there rendered and imposed the above sentence against petitioner, which was done without the hearing or introduction of one word or scintilla of evidence to show him guilty of being a road defaulter. Because said sentence deprives him of his liberty . . without due process of law. Because while petitioner was present when said judgment and sentence was rendered, same was rendered as by default, and without a trial; that said commissioners refused to try petitioner, refused to submit, and did not submit, evidence to prove him guilty; that petitioner can not be subjected to penal servitude in the chain-gang without being given a trial, and heard and allowed to defend himself; that he is not called on to defend himself until he is given a trial and until the prosecution or commissioners have by competent evidence shown him to be prima facie guilty, which was not done." Together with his response to the writ, the sheriff filed a demurrer, setting up that the application for habeas corpus showed no legal reasons for its issuance. The court overruled this demurrer.

Habeas corpus, it must be remembered, can not be made a substitute for certiorari, writ of error, or other remedial procedure, by which erroneous judgments are to be reviewed and set aside. It is available as against a sentence or conviction only in the event that the judgment is void. There is no complaint in the petition or application for habeas corpus that the applicant was convicted by the commissioners without notice, or, without his being present in court. He appeared and pleaded not guilty. His attack is that the commissioners, sitting as a court, refused to hear evidence from him, and acted without hearing evidence against him; in other words, adjudged him guilty as by default. That this action by the commissioners was erroneous we have no inclination to gainsay. But the thing set up, as well as all other matters affecting the regularity of the procedure, could have been corrected by certiorari. In principle, the case may be likened to one where a court in a civil case erroneously adjudges that the defendant is in default, and enters judgment without requiring the plaintiff to prove his case, and without allowing the defendant to controvert it by evidence. The judgment in such case can not be attacked by illegality, if the defendant has been served or has appeared and pleaded. The defendant says that sentence was imposed on him without a trial; but the specific facts set up by him are contradictory of this general statement. The word trial, in a limited sense, relates only to the examination and determination of issues of fact, but in the broader sense includes hearing and determining of issues, whether they are of law or of fact. Note the definitions of the word "trial" in 8 Words and Phrases, 7095 et seq. When the commissioners determined that the preliminary transactions, which had taken place in the matter, touching the alleged default, had so fixed the defendant's status that nothing further remained but to enter judgment against him, and that he was cut off from introducing testimony, this was a trial. By certiorari the alleged defaulter could have made every point he now seeks to make by habeas corpus. If the defendant had not appeared, or, at least, if he had not been legally served and failed to appear, or had not been under bond for appearance, we would be inclined to hold that habeas corpus would lie; but no such case is presented here.

While in a technical sense there can be no demurrer to a habeas-corpus proceeding, yet where the petition fully sets forth the state

of facts actually relied on by the parties, and the subsequent trial develops a similar state of facts, and it appears that the causes are not sufficient to discharge the prisoner, the reviewing court will reverse the judgment and order the writ quashed. See *Simmons* v. *Ga. Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739).

*Judgment reversed.*