## HEIDT *v.* McMILLAN.

1. The motion to dismiss the writ of error on the ground that the Supreme Court is without jurisdiction, for that the case (an issue on removing obstructions from a private way) was carried to the superior court by certiorari from a decision by the ordinary and not the court of ordinary, is without merit.

2. On a conflict of evidence the judge of the superior court found that the preponderance was in favor of the defendant; and no error of law appears.

AUGUST 18, 1916.

Certiorari. Before Judge Pendleton. Fulton supreior court. May 19, 1915.

*T. B. Felder, C. V. Hohenstein,* and *L. J. Grossman,* for plaintiff. *E. M. & G. F. Mitchell,* for defendant.

HILL, J. 1. This was a proceeding brought by Grayson V. Heidt against F. D. McMillan, before the ordinary of Fulton county, under the provisions of section 825 of the Civil Code of 1910, for the removal of an obstruction placed by McMillan in an alleged private way over which Heidt claimed an easement under section 824 of the Civil Code. The ordinary, on the trial, rendered judgment in favor of McMillan. Heidt carried the case to the superior court by petition for certiorari, and on the hearing the certiorari was overruled. To this judgment Heidt excepted. McMillan made a motion in this court to dismiss the writ of error, on the ground that the Supreme Court is without jurisdiction, in that the constitution of Georgia, art. 6, sec. 2, par. 9, gives the Court of Appeals jurisdiction for the correction of errors "from the superior courts in all cases in which such jurisdiction is not conferred by this constitution on the Supreme Court," etc., and art. 6, sec. 2, par. 5, gives the Supreme Court jurisdiction in cases "from the superior courts in all civil cases, whether legal or equitable, originating therein or carried thereto from the court of ordinary," etc.; and that the present case was not carried to the superior court from the *court of ordinary,* but by certiorari

from a decision of the *ordinary,* trying a case of removing obstructions from a private way. This contention is without merit. The motion is controlled by the principle ruled in the case of *Hendley* v. *Adams,* 129 *Ga.* 518 (59 S. E. 227), and is therefore denied.

2. On a conflict of evidence, the judge of the superior court found that the preponderance was in favor of the defendant, McMillan, and no error of law appearing, the judgment of the court below is                    *Affirmed. All the Justices concur.*