BENTLEY *et al. v.* GORDON, sheriff, *et al.*

No. 12783. APRIL 12, 1939. REHEARING DENIED MAY 10, 1939.

*J. H. Felker,* for plaintiffs. *Roberts & Roberts,* for defendants.

GRICE, Justice. Bentley et al. presented to the judge of the superior court of the Western Circuit a petition for injunction against the sheriff, against whom the judge issued a rule nisi. On the date fixed by the judge for the sheriff to show cause, he re-sponded that he had no interest in the case, and his only connec-tion with the matter alleged in the petition was as an officer whose

duty it was to execute the orders of the court. At the same time counsel for Mrs. Morgan, the real party at interest, presented a motion to intervene; whereupon at the instance of counsel for complainants, who requested time to examine the contention of Mrs. Morgan as set up in her intervention, the judge reassigned the case for January 28. On that day he passed the following order: "At Chambers, Athens, Georgia, January 28, 1939. The hearing on the show-cause order heretofore granted in this case, returnable before me on December 29, 1938, having been continued until January 21, 1939, and on that date further continued by consent of parties until this date, and on this date there being no appearance for the plaintiff, the application for a temporary restraining order is denied." The Bentleys excepted, and in their bill of exceptions recited that their counsel was not present at the hearing on January 28, by reason of a conversation said counsel had with opposing counsel, from which he presumed that his request to have the hearing again continued would be granted. The bill of exceptions further recites that at the hearing no evidence was introduced. The assignment of error is the refusal of the court to grant the restraining order. The certificate of the judge to the bill of exceptions expressly refuses to certify to the correctness of the recitals of fact. The certificate as to that reads as follows: "I do certify that the foregoing bill of exceptions is true, except as to conversation of plaintiff's counsel with Jas. Roberts, concerning which I know nothing, and except for the statement there was no evidence, as defendant's counsel introduced documentary evidence, and contains or specifies all of the record (except for the documentary evidence introduced by defendant, being records in former suits) material to a clear understanding of the errors complained of," etc. It is therefore impossible for us to know what the judge had before him when he passed the order denying the application. Under numerous rulings of this court, the writ of error must be dismissed. In the absence of a certificate verifying the bill of exceptions, this court is without jurisdiction to determine the case. *McBride* v. *Beckwith,* 67 *Ga.* 764; *Hatcher* v. *Smith,* 84 *Ga.* 451 (11 S. E. 1064); *Hawkins* v. *Americus,* 102 *Ga.* 786 (30 S. E. 519); *Central of Georgia Ry. Co.* v. *Mills,* 143 *Ga.* 47 (84 S. E. 120); *Adamson* v. *Bradley,* 147 *Ga.* 328 (93 S. E. 894).

<em>Writ of error dismissed. All the Justices concur.</em>