McLendon *vs* Shackleford.

A. W. Stone, for plaintiff in error.

R. W. Sims and V. A. Gaskill, *contra.*

---

Freeman McLendon, plaintiff in error, *vs.* John W. Shackleford, defendant in error.

1. The promise of M., on the presentation of an obligation to him, which was the subject of the suit, and purporting to be signed by him, that he would settle it but did not then have the money, but was willing to give some notes that he had, is sufficient evidence to support a verdict against him on said obligation.

Assumpsit, in Meriwether Superior Court. Tried before Judge Bull, at the August Term, 1860.

This action was brought by John W. Shackleford against Freeman McLendon, to recover the amount due on the following receipt to-wit:

"Received, Griffin, August 31st, 1857, from John W. Shackleford, three new Concord no-top buggies, which we promise to sell or return, on or by the 25th of December next. Amount sold for, $375 00.

"FREEMAN McLENDON,
"By, per SAMUEL W. MOYER."

McLendon, amongst other things, pleaded *non est factum* to the receipt sued on.

On the trial, the plaintiff proved that Moyer was the trimmer in the carriage shop of the defendant, and acted as his agent in the sale and exchange of buggies and carriages; that Moyer had verbal authority from McLendon to sign his name to the receipt; that one of the buggies mentioned in the receipt was sold, and the price charged by defendant on his books; that the other two buggies were exchanged by Moyer for old buggies, and notes for the difference in the exchange, and that defendant took possession of the notes, on one of which he received the money, and also took possession of the old buggies, one of which he exchanged for a mule; that the receipt was presented to defendant for payment, in the Spring of 1858, and that he said he was willing to pay it, but did not then have the money, and proposed to turn over notes, which the party presenting the receipt refused to receive, unless defendant would endorse them.

On the part of the defendant it was shown, that in September, 1857, Moyer said that he desired to go to Griffin to get some buggies, as he was out of commission buggies; that this selling of buggies on commission was a business of his own, outside of the shop business that he was doing for McLendon; that two or three days thereafter he showed a witness two or three buggies, which he said were those he obtained at Griffin; that there was a public notice, of which the following is a copy, to-wit:

McLendon *vs.* Shackleford.

"NOTICE.
Greenville, Georgia, Oct. 29th, 1857,
Buggies for sale,
SAMUEL W. MOYER."

Upon this evidence the jury found for the plaintiff, $375 00, with interest and cost, and counsel for defendant moved for a new trial, on the ground: "That the verdict was contrary to law and evidence, and strongly and decidedly against the weight of evidence."

The Court refused the new trial, which is the error alleged.

B. H. HILL, by SIMS, for plaintiff in error.

GEORGE A. HALL, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

We can not say that the verdict is so strongly and decidedly against the weight of the evidence as to require us to send it back.

The witness Shackleford testifies that he presented the paper, which was the subject matter of the suit, to the plaintiff in error, defendant in the suit, some time in the year 1858, when it was then due and payable according to its terms, when McLendon said "he was willing to settle, but did not then have the money, but was willing to give some notes that he had." This was very positive evidence, and directly to the point, and if the jury thought proper to believe it, and to find upon it, we do not see why we should disturb it. At all events, we can not say the verdict is against the evidence, or decidedly and strongly against its weight, especially as there was no direct evidence to the contrary.

It is true that the witness says that McLendon told him in the same conversation that Moyer had no authority to give that receipt; but if McLendon, notwithstanding, had received the buggies, and thus ratified the act, he was as much bound to pay as if he had authorized the signing of the

receipt, and it must be presumed that he either received the buggies, or the proceeds of their sale, or he would not have agreed to settle for them.

Let the judgment be affirmed.