betting as is carried on at a faro table, E O table, A B C table, roulette table, or other table of like character."

The evidence showed that the defendant had, on the public square in Buena Vista, a common wooden table and had on its top a spindle or lever revolving on a pivot, which spindle or lever in revolving described a circle, which circle had in its arc pegs or nails about four inches apart, which were slightly touched by a string at the end of the lever as it turned, and by which pegs or nails lay pencils, collar-buttons, rings, socks, knives, and some other article of merchandise by each peg or nail. By one peg was a silver napkin-ring which the defendant said was worth one dollar; by another was a collar-button which he said was worth fifty cents. Persons would come to the table and pay him ten cents for the privilege of turning the lever; such person would then give it a whirl, and would get the pencil, collar-button or other article lying by the peg at which it stopped. There was something by each nail or peg, some article of merchandise of some value. The table was run publicly and in the daytime. The defendant stated to his patrons that if any of them got the napkin-ring or collar-button, he would give them one dollar for the ring or fifty cents for the button, as they preferred. He was working for a man who had a license to sell goods as an itinerant trader.

M. McMICHAEL, by C. J. THORNTON, for plaintiff in error.

A. A. CARSON, solicitor-general, by J. H. WORRILL, contra.

---

WILLIAMS v. THE STATE.

The bill of exceptions not specifying any part or parts of the record as material to a clear understanding of the errors complained of, and neither the certificate of the judge thereto nor that of the

clerk to the transcript of the record being such as is required by the act of November 11th, 1889, the writ of error is dismissed.
March 5, 1892.　　　　　　　　　　　　　*Writ of error dismissed.*

A. A. DOZIER, by brief, for plaintiff in error.

. A. A. CARSON, solicitor-general, by J. H. WORRILL, *contra.*

---

### CADE *v.* GORDON, Governor.

The costs of the criminal case out of which a recognizance arose are not recoverable in a proceeding by *scire facias* to enforce the recognizance as forfeited. And when such costs have been taxed in the judgment rendered in the *scire facias* proceeding, a motion to retax so as to exclude from that judgment these non-taxable costs, should be granted.　　　　　　*Judgment reversed.*
March 5, 1892.

Criminal law. Costs. *Scire facias.* Before S. B. HATCHER, judge *pro hac vice.* Chattahoochee superior court. March term, 1891.

Cade made a motion to retax certain costs which had been taxed against him. It was admitted that the facts stated and the allegations made in the motion were true. The motion was overruled, and Cade excepted. The allegations of the petition were as follows: Richard Cobb was convicted of receiving stolen goods, and sued out a writ of error to the Supreme Court, petitioner becoming security upon his bail-bond. The Supreme Court affirmed the judgment, and Cobb was taken out of the hands of petitioner by the sheriff, turned over to the principal keeper of the penitentiary, and commenced to serve out the sentence imposed upon him and continued to do so until he was pardoned by the Governor. Notwithstanding this a forfeiture *nisi* was entered upon the bond and made absolute for the cost of the forfeiture. Petitioner avers that he was not and is not liable for any cost upon the forfeiture, and that notwithstanding he may not be liable for any such costs, the