SCOTT *et al. v.* WHIPPLE, receiver, *et al.*

116   211
e119  249

1. A bill of exceptions which recites that upon the call of a case and before an-
   nouncing ready a party moved for continuance upon stated grounds, sets
   forth the evidence which was relied upon in support of the motion, alleges
   that the motion was overruled, and then recites that to this judgment the de-
   fendants "then and there excepted and now except and assign the same as
   error," contains a sufficiently specific assignment of error upon the overrul-
   ing of the motion to continue.

2. Since the passage of the Supreme Court practice act of 1893 a writ of error
   will not be dismissed merely because the certificate to the bill of exceptions
   contains recitals of fact which are not in the bill of exceptions or the record,
   the certificate being in all other respects in the form prescribed by law, and
   verifying all of the statements made in the bill of exceptions.

3. The showing for a continuance, in so far as it related to the application made
   by counsel for one of the several defendants, and which was based on the
   absence of their client, being in all respects regular and complete, and there
   being no counter showing, and it not appearing from the bill of exceptions
   or the record that any previous continuance had been granted the defendant,
   or that the case could proceed to trial against the other defendants alone, it
   was error to overrule the motion to continue, made by counsel on the ground
   of their client's absence.

                Argued June 27, — Decided August 8, 1902.

   Action on bond.   Before Judge Felton.   Dooly superior court.
September 9, 1901.

   *Guerry & Hall, DeLacy & Bishop,* and *J. G. Jones,* for plaintiffs
in error.   *Bacon, Miller & Brunson, Thomson & Whipple,* and
*Pearson Ellis,* contra.

   COBB, J.   Whipple, as receiver, brought suit against the Naval
Store & Lumberman's Bank as principal, and Scott and four others
as securities.   Scott, Matthews, and Bullock filed a defense to the

action, the three uniting in one answer. When the case was called for trial, a motion for a continuance was made by the defendants. This motion was overruled, and the defendants assign this ruling as error. The case then proceeded to trial, and a verdict was directed in favor of the plaintiff, to which the defendants have also excepted.

1. A motion was made to dismiss the writ of error, upon the ground that there was no sufficient assignment of error upon any ruling of the trial court. The bill of exceptions recites that, upon the call of the case and before announcing ready, counsel for Scott moved for a continuance upon certain grounds, and introduced in support of the motion certain evidence which is set forth in the bill of exceptions; and that this motion was overruled. Following this recital is this language: " To which judgment overruling said motion for continuance the said J. B. Scott and W. B. Matthews and E. W. Bullock then and there excepted and now except and assign the same as error." We think this assignment of error sufficiently brings before us the question as to whether the motion for a continuance was properly overruled. The bill of exceptions recites that the motion was made, and that it was overruled; sets forth the evidence offered in support of the motion, and alleges that the ruling of the court was erroneous. This was a specific assignment of error within the meaning of the law regulating the practice in this court. It was further insisted that the assignment of error upon the direction of the verdict was not sufficiently specific. Inasmuch as we do not decide whether the direction of the verdict was proper or not, it is unnecessary to pass upon the sufficiency of the assignment of error thereon. It has, however, been held in several cases that a general complaint that the direction of a verdict was improper is sufficient to present for decision the question whether, under the pleadings and the evidence, the verdict directed was demanded. See *Phillips* v. *Southern Ry. Co.*, 112 *Ga.* 197; *Dickson* v. *Burwell*, 113 *Ga.* 99; *Waller* v. *Hogan*, 114 *Ga.* 384; *Anderson* v. *Walker*, Id. 505.

2. The motion to dismiss was upon the further ground that the certificate of the judge to the bill of exceptions was not in the form prescribed by the statute, consisting in part of recitals of fact which should have been in the bill of exceptions. The certificate of the judge was in the exact form prescribed by the statute, except that it contained the following additional recitals: "I do

further certify that the docket of Dooly superior court showed that there had been one continuance of this case by the defendants. I do further certify that this bill of exceptions was presented to me on the 18th day of October, 1901, and that the same has been held by me until this time for examination and correction. October 28, 1901." The criticism of this certificate is directed to the first sentence thereof, as it was certainly competent for the judge to certify that the delay in filing the bill of exceptions was due to his retention of it, and thus relieve the plaintiff in error from the imputation of negligent delay in tendering the bill of exceptions. The act of 1889 (Civil Code, § 5532) prescribed a form for certificates to bills of exceptions. It has been held that the certificate of the judge should conform to the requirements of the statute; and that where it is not in the form provided thereby, the writ of error will be dismissed. See *Williams* v. *State*, 88 *Ga.* 460; *Holland* v. *Van Beil*, 89 *Ga.* 223; *Lovingood* v. *Roberts*, Id. 417. It has also been held that it is the duty of counsel to prepare the certificate to a bill of exceptions, and that the judge has no authority, under the act of 1889, to make any change in the certificate, but must either sign the same as presented to him or decline to sign it altogether. *Pendley* v. *State*, 87 *Ga.* 186; *Gresham* v. *Turner*, 88 *Ga.* 160. It has also been distinctly decided that under this statute the judge has no authority to incorporate in his certificate facts necessary to a determination of the case, which should have been brought up in the bill of exceptions. *Lovingood* v. *Roberts*, supra. Inasmuch as this is exactly what the certificate in the present case undertakes to do, it is necessary to determine whether the rule laid down in the case cited is applicable since the passage of the Supreme Court practice act of 1893. Civil Code, § 5534, which section was codified from the act of 1893, provides: "It shall be the duty of the judge to whom any bill of exceptions is presented to see that the certificate is in legal form before signing the same; and no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise." The act further provides that the Supreme Court shall not dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court

to ascertain substantially the real questions in the case which the parties seek to have decided therein.   Civil Code, § 5569.   Since the passage of the act of 1893 it has been held that where the certificate is in substantial compliance with the form prescribed by the act of 1889 the writ of error will not be dismissed.   *Pusey* v. *Sweat*, 92 *Ga.* 809;  *Gregory* v. *Daniel*, 93 *Ga.* 795.

The office of a certificate to a bill of exceptions is to certify to the truth of the recitals contained in the bill of exceptions.   And hence, where the certificate fails to do this, or where the judge certifies that the bill of exceptions is in whole or in part untrue, a dismissal of the writ of error would necessarily result.   See *Jarriel* v. *Jarriel*, 115 *Ga.* 23, and cases cited.   The legislative policy, as indicated in the act of 1893, is that the judge should revise the certificate presented to him and make it conform to the law; and that no case shall be dismissed on account of the failure of the judge to do this, where the certificate verifies the recitals made in the bill of exceptions.   It is true that the proper place for the judge to add any facts which have been omitted by the plaintiff in error is in the bill of exceptions, and that such facts incorporated in the judge's certificate should be disregarded.   But it does not follow that such a certificate should work a dismissal of the case. If the facts added to the certificate are matter of record in the trial court, the judge may add a specification thereof in the bill of exceptions, or the defendant in error may apply to the judge to have the clerk transmit such record with the bill of exceptions.   Civil Code, § 5536.   And so, if the added facts are a part of the evidence of file in the clerk's office, the same course may be pursued. And further than this, if upon a consideration of the case it should appear to the Supreme Court that any portion of the record has not been transmitted, whether specified or not, it is expressly made the duty of the court to order the clerk of the trial court to certify and transmit such record.   Civil Code, § 5536 (4).   As no bill of exceptions can be dismissed on account of the negligence of the plaintiff in error in failing to incorporate or specify evidence or record which is material to his case, and as his failure to prepare and present to the judge a certificate which complies with the form prescribed by law will likewise not result in a dismissal of his case, it would seem to follow that where a certificate verifies unequivocally every recital in the bill of exceptions, but undertakes to add omitted

facts, whether they are matters of record or of evidence, this court should not dismiss the writ of error, but should decide the questions made in the bill of exceptions, if enough appears therein or in the transcript of the record, or in both together, or if by order to the clerk of the trial court it can procure enough facts, upon which to base a decision of such questions. We think it is in keeping with the spirit of the act of 1893, and the recent legislative policy as manifested in that act as well as in others, not to dismiss a case solely because the judge fails to eliminate from the certificate presented to him recitals of fact which do not appear in the bill of exceptions. The proper course for us to pursue in such a case is to treat these recitals as surplusage and disregard them.

3. Counsel for the defendant Scott made a motion for continuance on account of the absence of their client. They introduced evidence showing that he was at the time of the trial physically unable to leave home and attend court. Counsel stated in their places that they could not safely go to trial in the absence of their client. The defendants Matthews and Bullock also insisted upon a continuance on the ground of the absence of Scott, it being claimed that he was a material witness in their behalf. The showing, so far as it related to the absence of Scott as a party, was complete in all respects, and the court erred in overruling the motion for a continuance based on his absence. The showing made by Matthews and Bullock was incomplete, for the reason that it did not appear therefrom that Scott had been subpœnaed, or what they expected to prove by him. Although he was a codefendant, they were not entitled to a continuance on account of his absence, unless they complied with the law as to the showing to be made for a continuance on account of the absence of a witness. As to them he was only a witness. The showing made in favor of Scott was sufficient and entitled him to a continuance; and as there was no suggestion that the case was of such a character that it could proceed to trial and judgment against the other defendants in the absence of Scott, the case should have been continued in its entirety. It is said, though, that the motion to continue was properly overruled, for the reason that the defendants had exhausted their continuances; it being claimed that it appeared from the docket entries that the case had been once before continued at their instance, and that under the Civil Code, § 5136, the judge had no authority to grant another

continuance.    Upon the application of the defendant in error, the judge directed the clerk to transmit to this court the docket entries in question; and this has been done.    From these entries the following appears: "Passed for weeks sickness Lee B. Jones Feb. 26th, 1901."    Manifestly this entry does not support the claim of the defendant in error.    It does not appear who Lee B. Jones is, whether a witness or not; nor does the entry show whether there was a continuance for the term, or merely a postponement to another date during the term, nor at whose instance the case was passed.    This being so, it is unnecessary to determine whether the docket entry in question was a part of the record in the case and incorporated in an approved brief of the evidence, before it could be sent to this court with the record in the case.    Inasmuch as we are not at liberty to look to the certificate of the judge for any fact not appearing in the bill of exceptions or the record, there is nothing to show that the case had once before been continued at the instance of the defendants; and as the showing made by the defendant Scott was complete in all respects, the judge erred in refusing to grant his motion for a continuance.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent.*