### 3227.   LANE *v.* THE STATE.

1. Where the judge's certificate verifies the recitals of the bill of exceptions, but adds to the certificate, between the usual form and his signature, the statement of a fact (not contradictory of the facts stated in the bill of exceptions) which has been omitted by counsel, and which the judge thought necessary to a clear understanding of the case, this additional statement will not vitiate the bill of exceptions; but it will be considered as a part of the bill of exceptions, and the assignment of error to which it refers will be considered by this court in connection with this statement. So considered, the assignment of error that the judge

refused a timely request to reduce his charge to writing is without any merit.

2. No error of law appears, and the verdict is fully supported by the evidence.

DECIDED APRIL 24, 1911.

Accusation of assault and battery; from city court of Millen—Judge Jones. February 10, 1911.

*A. S. Anderson, E. K. Overstreet,* for plaintiff in error.

*James A. Dixon, solicitor-general,* contra.

HILL, C. J. 1. One of the grounds of the motion for a new trial in this case alleges that the trial judge refused to comply with a timely request, made by the defendant's attorney, to reduce his charge to writing and to read it to the jury. This ground of the motion is duly verified. In the certificate to the bill of exceptions the trial judge inserts, at the close of the usual certificate and before his signature, the following: "I certify further that, just before beginning my charge to the jury, E. K. Overstreet, the defendant's attorney, who requested me to charge the jury in writing, came to the stand and asked me what I was going to charge. Upon my reply that I would charge only the sections of the code applying to the case, he stated that I need not trouble to write the charge out." It is insisted in this court that the trial judge had no right to add to the usual certificate to the bill of exceptions the foregoing statement; that, if the recitals in the bill of exceptions were in any respect incorrect, it was his duty to return the bill of exceptions to counsel for correction; and that, having verified this ground of the motion for a new trial, he could not controvert this verification in his certificate to the bill of exceptions.

The office of a bill of exceptions is to certify to the truth of the recitals contained in the bill of exceptions, and if the certificate fails to do this, or if the judge certifies that the bill of exceptions is in whole or in part untrue, a dismissal of the writ of error will necessarily result. *Clary* v. *Nash,* 6 *Ga. App.* 549 (65 S. E. 301); *Scott* v. *Whipple,* 116 *Ga.* 214 (42 S. E. 519). Prior to the act of 1893 it might be that this statement of the trial judge, incorporated as a part of his certificate to the bill of exceptions, would result in a dismissal of the writ of error; but since the passage of that act the Supreme Court is not authorized to dismiss a writ of error simply because of the lack of literal conformity to the form

of certificate to the bill of exceptions as prescribed by the act of
1889. *Pusey* v. *Sweat,* 92 *Ga.* 809 (19 S. E. 816); *Scott* v.
*Whipple,* supra. As stated by the Supreme Court in the latter case:
"The legislative policy, as indicated in the act of 1893, is that the
judge should revise the certificate presented to him and make it
conform to the law, and that no case shall be dismissed on account
of the failure of the judge to do this, where the certificate verifies
the recitals made in the bill of exceptions." The Supreme Court
has drawn some rather fine distinctions relating to the power of the
trial judge in reference to the bill of exceptions, and to the cer-
tificate thereto, and there seems to be some confusion on the sub-
ject. It seems, however, a legitimate conclusion from the decisions
that, where the certificate does not in any manner contradict the
recitals contained in the bill of exceptions, the writ of error will
not be dismissed. The statement made by the trial judge, as an
addition to his certificate and before his signature thereon, does not
in any way contradict anything recited in the bill of exceptions.

But learned counsel insists that the additional certificate made by
the trial judge should be disregarded entirely, because unauthorized,
and because it contradicts the verification of the grounds of the
motion for a new trial. In *McCullough* v. *National Bank,* 111 *Ga.*
134 (36 S. E. 465), it is held that a note of the judge, preceding
his certificate to the bill of exceptions, and expressly certified as a
part of the bill of exceptions, must be considered as such. Here
the statement written by the judge, and inserted after the usual
form and before his signature, does not precede the certificate; but
it does precede the signature, and it is clear that the certificate is
not complete without the signature of the judge—in fact, that it
amounts to no certificate at all until the signature of the judge is
attached. But, as before remarked, this note of the judge does not
contradict in any particular any statement made in the bill of
exceptions. It merely adds the reason why the judge did not com-
ply with the request of counsel to charge the jury in writing. It
would have been better practice if the trial judge had made this
statement when he approved the grounds of the motion for a new
trial. The conversation which occurred between the judge and
the attorney, which the judge incorporates as a part of the cer-
tificate to the bill of exceptions, was not a part of the record of the
case, and therefore could not be certified and brought up to this

court as such; nor was it a part of the evidence in the case. It was simply a conversation occurring between the judge and the attorney, which was necessary to be considered in connection with the assignment of error as to the failure of the judge to comply with the request of counsel to reduce his charge to writing.

We fail to see how this statement, added to the usual certificate, affects in any manner the integrity of the bill of exceptions. It does not contradict any recital therein, or render obscure any recital, and we can see no reason why it should not be considered as a part of the bill of exceptions. When so considered, it presents a sufficient answer to this assignment of error; but it does not contradict the verification of the ground of the motion for a new trial. It merely supplements and explains.

2. On the trial of an accusation of assault and battery, it was not error to refuse to allow the attorney for the accused to ask the prosecuting witness whether she did not owe the accused money at the time he made the assault and battery upon her. The question was wholly irrelevant and immaterial. If she did owe the accused money, this fact certainly would furnish no justification for the assault and battery; nor was the testimony sought to be elicited from the witness admissible for the purpose of showing that she entertained ill will towards the accused.

The evidence fully justified the verdict, and no error of law appears.　　　　　　　　　　　　　　　　*Judgment affirmed.*