6642. MADDOX v. BROOKS.

RUSSELL, C. J. 1. Under the constitution of this State (art. 6, sec. 16, par. 4, Civil Code, § 6541), suits against joint obligors and joint promisors may be brought and tried in the county in which any of them reside. Hence, when in an action it is alleged that the account sued upon was the joint undertaking of two persons, one of whom resides in the county in which the suit is pending, the other defendant can not file a plea to the jurisdiction of the court on the ground that he resides in another county. Such a plea, if filed, would be properly stricken on general demurrer.

2. It follows, from the proposition stated above, that if upon the trial of such a joint action the plaintiff fails to prove a joint undertaking, and dismisses as to the resident defendant, the other defendant may still, prior to verdict, raise by demurrer the question of lack of jurisdiction, if his non-residence appears on the face of the plaintiff's pleading, or, if it does not so appear, may raise the question by plea; and this is true notwithstanding he may previously have filed a plea to the merits, at a time when his defense of lack of jurisdiction would not have been well taken. Any other rule would open the door to easy evasion of the constitutional provision that, except in the enumerated cases, the venue of all suits is in the county of the defendant's residence.

3. Pleadings which the trial court refuses to allow to be filed can not be specified in a bill of exceptions as a part of the record. But if the court allows pleadings and then strikes them on demurrer, or motion, they may, by specification, be brought up to this court as a part of the record, and without incorporation in the bill of exceptions.

4. The appellate division of the municipal court erred in overruling the motion for a new trial. *Judgment reversed.*

DECIDED FEBRUARY 10, 1916.

Complaint; from municipal court of Atlanta. May 17, 1915.

*Alonzo Field, John S. Glealon,* for plaintiff in error.

*Gober & Jackson,* contra.