### 12137. CASON *v.* DUKE.

STEPHENS, J. 1. This being a suit in trover to recover for an alleged conversion by the defendant of certain personal property which the plaintiff claims to have reserved for himself at the time of executing an oral contract of sale by which the plaintiff sold to the defendant certain real estate and . certain personal property on the premises, and the evidence authorizing the inference that the property sued for was not included in the contract of sale but was reserved to the plaintiff, the verdict finding for the plaintiff in an amount equal to the proved value of the property sued for was supported by the evidence. *Duke* v. *Cason,* 25 *Ga. App.* 344 (103 S. E. 176).

2. Where, at the time of the execution of the contract of sale and a few minutes after the defendant had paid to the plaintiff a certain amount as earnest money and before the plaintiff had delivered to the defendant

the premises bargained for or any of the personal property included in the contract of sale, the plaintiff informed the defendant that certain of the property sued for and claimed by the plaintiff as reserved was not included in the trade, and the defendant made no response to this statement, but remained silent, the principle of law (Civil Code of 1910, § 4267) that where the parties to a contract differ among themselves as to its meaning, that meaning placed upon the contract by one of the parties and known to be thus understood by the other at the time shall be held as the true meaning, was applicable and was properly given in charge.

3. A charge that if the construction of an instrument is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred, was more favorable to the movant than to the respondent, and therefore constitutes no ground for reversal.

4. The charge of the court fairly submitted to the jury the issues involved, and the exception to the charge as a whole is therefore without merit.

5. Certain hearsay evidence objected to in the 5th ground of the amendment to the motion for a new trial was, if erroneously admitted, not of such materiality as to affect the verdict rendered.

6. No other error appears.

Judgment affirmed. <i>Jenkins, P. J., and Hill, J., concur.</i>

DECIDED FEBRUARY 10, 1922.

Trover; from city court of Polk county — Judge Tison. December 20, 1920.

*John K. Davis,* for plaintiff in error.

*Mundy & Watkins,* contra.