14268, 14269.    WILLIAMS *v.* ATLANTA NATIONAL BANK; and *vice versa.*

1. If the judge's certificate to the bill of exceptions unqualifiedly verifies it, a further statement in the certificate which does not contradict any of the recitals of the bill of exceptions is not cause for dismissing the bill.

2. Joint obligors may be sued together in the county of the residence of either. Where a suit is brought upon a promissory note against two defendants appearing to be joint obligors, and it is alleged that one of

them is a resident of the county in which the suit is filed and that the other is a resident of another named county of this State, a plea to the jurisdiction by the latter, that his residence is not as the plaintiff alleges, but in a third county named, fails to show a want of jurisdiction and is properly stricken for insufficiency.

3. Such a plea is not aided by the averment that the resident defendant did not execute the note and has never ratified its execution by any one else. The question of the liability of the resident defendant should be determined on the final trial of the case and not on a dilatory plea.

4. When the record shows what purports to be a valid return of service, and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be duly traversed.

(a) In the absence of a traverse of the entry, the attack upon the legality of the service in this case was unavailing.

5. While it is true, regardless of the rulings made above, that when the court in such a case directs a verdict against the plaintiff and in favor of the plea of non est factum of the resident defendant the court should not proceed further as to the non-resident defendant, in the absence of a waiver of jurisdiction, but should dismiss the case as to him for want of jurisdiction (and so irrespective of whether such verdict was properly directed), yet this general rule is not applicable here, for the record discloses the equivalent of a waiver of jurisdiction,—that is, an estoppel to set up want of jurisdiction.

(a) Where a person signs the name of another to a note purportedly as his joint obligor, and puts the note into circulation as a commercial paper, he will be estopped to assert, in an action thereon by an innocent holder for value, that he did not have the authority to sign the name of such other party to the note, and that *as between him and the holder* the case is not one of co-obligors, suable in the county of the residence of either of the signatory parties. The court properly directed the verdict in favor of the plaintiff and against the non-resident defendant, notwithstanding the direction in favor of the resident defendant.

6. Where the execution of a note is denied by a plea of non est factum, the note will not be received in evidence until some extrinsic proof of its execution has been submitted. Slight evidence is sufficient to lay the foundation for its admission.

(a) Where in such a case it is shown by the plaintiff that the defendant who filed the plea of non est factum had on several occasions stated to the plaintiff's attorney that as soon as he could see his brother the note would be arranged, and that always until the filing of the suit he promised to "arrange" or renew it, the plaintiff was entitled to have the note admitted in evidence.

(b) The error in excluding the note entered into and rendered erroneous the subsequent action of the court in directing a verdict against the plaintiff and in favor of the plea.

(c) Even if the court had been right in excluding the note, it would have been improper to direct a verdict in favor of the plea merely because of the failure of the plaintiff to supply sufficient evidence to authorize

the introduction of the note. In that case the plaintiff should have been nonsuited.

DECIDED NOVEMBER 27, 1923.

Complaint; from city court of Carrollton—Judge Hood. December 12, 1922.

The Atlanta National Bank filed a suit returnable to the June term, 1921, of the city court of Carrollton, upon a joint and several promissory note purporting to have been signed by Ira W. Williams and Lee J. Williams, alleging that Lee J. Williams was a resident of the county of the suit, and that Ira W. Williams was a resident of Fulton county. The plaintiff is a holder by indorsement. On May 18, 1921, an acknowledgment of service was entered upon the petition, signed apparently by both defendants. It seems, however, that this acknowledgment was made by Lee J. Williams, both for himself and for Ira W. Williams, and that the plaintiff, in order to be sure of service upon the latter, procured an order at the return term for the issuance of a second original, with process directed to the sheriff of Fulton county, for service upon this defendant, as to whom it was ordered that the September term, 1921, be the appearance term. At this term no return of the process had been made, and a second order was passed, prolonging appearance until the December term. In the meantime, on October 3, a return had been made upon the second original, as follows: "Georgia, Fulton county: I have this day served the defendant Ira W. Williams personally with a copy of the within petition and process. This October 3, 1921. Lane Mitchell, Deputy Sheriff." The defendant so served then made a special appearance at the December term, for the purpose of pleading to the jurisdiction of the court, in which, after amendment, it was averred that he was not at the time of the filing of the suit a resident of Fulton county, but a resident of the county of Thomas; that the superior court of Thomas county and the city court of Thomasville "have jurisdiction as to him and his property, and that the city court of Carrollton has not jurisdiction; nor is service upon him in Fulton county legal and proper."

He pleaded further that Lee J. Williams did not execute the note and did not authorize the same to be executed, but "that said note was executed by this defendant, and his act and deed." Upon this allegation it is urged that the case was not one of joint obligors.

Neither the sheriff nor his deputy of Fulton county was made a party to this proceeding, and it was stricken on motion. The court struck also a traverse by the same defendant to the acknowledgment of service, attacking the authority of Lee J. Williams to make the acknowledgment in behalf of Ira W. Williams. This so-called traverse filed on the date of the trial, December 12, 1922, is alleged to have been made at the first term after notice. The plaintiff in error takes the view that the court struck this plea because it was not filed earlier.

Lee J. Williams at the appearance term filed a plea of non est factum in his own behalf. The court held upon the trial that the plaintiff did not carry the burden of proving execution, and refused to admit the note in evidence upon this issue. Verdicts were thereupon directed in favor of the plea of non est factum filed by Lee J. Williams, but in favor of the plaintiff against Ira W. Williams for the amount sued for. Ira W. Williams brought a bill of exceptions complaining of all of the rulings hereinbefore stated except the direction of a verdict in favor of the plea of Lee J. Williams. To this ruling exceptions are brought by the plaintiff, in what it has termed a cross-bill. Against the bill of exceptions first mentioned there has been filed a motion to dismiss.

*S. Holderness, Smith & Millican, J. Mallory Hunt,* for Williams.
*Willis Smith, Boykin & Boykin,* contra.

BELL, J. (After stating the foregoing facts.) 1. The bill of exceptions brought by Ira W. Williams contained the following recital of facts: "Plaintiff's attorneys also contend that Ira W. Williams acknowledged service upon said petition as appears on said petition, bearing date of the 18th day of May, 1921. To this alleged acknowledgment, by permission of the court, Ira W. Williams filed his traverse, setting up that he had not acknowledged service and had not authorized any one to do so for him; that the alleged acknowledgment was in the handwriting of Lee J. Williams, and that he had not authorized Lee J. Williams to so acknowledge such service, and he had not ratified the same, and he asked that Lee J. Williams be made a party to said traverse, and this traverse was made at the first term after said alleged acknowledgment. This traverse was allowed and ordered filed and served upon Lee J. Williams, who was made a party by order of court. After argument of counsel both pleas to the jurisdiction and upon

the traverse of the alleged acknowledgment of service and *before* said traverse and order of court could be served upon Lee J. Williams, and on motion of plaintiff, the court dismissed said traverse and struck the same, ruling that the same had to be filed at the first term, regardless of whether Ira W. Williams had notice or not; that said traverse was bad, unless so filed, and under the circumstances it would make no difference whether Lee J. Williams was served or not." The certificate to the bill of exceptions is in the usual form, but preceding his signature the judge adds the following: "No point was made before the court that the traverse had not been served on Lee J. Williams, and Lee J. Williams was present and represented by attorneys."

It is contended that this statement is a qualification of the judge's certificate of the truth of the bill, and that for this reason the bill of exceptions should be dismissed. We cannot concur in this view. The bill of exceptions recites in effect that the judge held that the traverse to the acknowledgment of service was without merit, regardless of whether Lee J. Williams had been served with the traverse, and for that reason dismissed it instanter. It is not assigned that any party contended that the judge should not pass upon the sufficiency of the traverse until Lee J. Williams had been served therewith. So that the statement that "no point was made before the court that the traverse had not been served on Lee J. Williams" in no way contradicts any of the recitals of the bill of exceptions, which are unqualifiedly certified as true, and the motion to dismiss is therefore denied. *Scott* v. *Whipple,* 116 *Ga.* 211 (2) (42 S. E. 519) ; *Stilwell* v. *Watkins,* 135 *Ga.* 149 (2) (68 S. E. 1114) ; *Davis* v. *Smith,* 7 *Ga. App.* 192 (3) (66 S. E. 401) ; *Lane* v. *State,* 9 *Ga. App.* 294 (1) (70 S. E. 1118).

This ruling is not in conflict with the ruling in *Hawkins* v. *Mayor &c. of Americus,* 102 *Ga.* 786 (30 S. E. 519), *Jarriel* v. *Jarriel,* 115 *Ga.* 23 (41 S. E. 262), *Love* v. *Love,* 146 *Ga.* 161, *Watkins* v. *State,* 29 *Ga. App.* 320 (114 S. E. 915), or with any other decision of this or the Supreme Court, of which we are aware, to the effect that a bill of exceptions should be dismissed where it is not verified unqualifiedly and in whole by the judge's certificate.

2. Irrespective of whether Ira W. Williams should be estopped to deny his authority in signing the name of Lee J. Williams to

the note, the plea to the jurisdiction was altogether insufficient. Upon the face of the note it appears that the defendants are joint and several makers. Joint obligors may be sued together in the county of the residence of either. Civil Code (1910), § 6541. The plaintiff alleged that Ira W. Williams was a resident of the county of Fulton. This defendant pleaded that he was not a resident of Fulton county, but of Thomas county. The petition alleges that Lee J. Williams resided in the county of Carroll, in which the action was brought. If they are joint obligors the courts of Carroll county would have jurisdiction over the person of Ira W. Williams, whether he resided in the county of Fulton or the county of Thomas. His plea failed to show that the court was without jurisdiction over him, and thus far was without merit. *Maddox* v. *Brooks,* 17 *Ga. App.* 644 (1) (87 S. E. 911).

3. Furthermore, we do not think that it was aided by the plea of non est factum which he entered as to Lee J. Williams. Regardless of whether such a plea is personal and could be made only by the latter (see Civil Code of 1910, § 5676), the question of their joint liability should be determined on the final trial, and not on a dilatory plea. In the case of *Central of Georgia Ry. Co.* v. *Brown,* 113 *Ga.* 414 (3) (38 S. E. 989, 84 Am. St. Rep. 250), the suit was brought in the county of Bibb for a tort alleged to have been committed in that county. The defendant filed a plea to the jurisdiction, claiming that the cause of action, if existing, arose in the county of Washington, and seems to have shown that this was true beyond dispute; but it was alleged in the petition that the tort was committed jointly by the defendant's conductor and one McCowan, who, it was averred, resided in Bibb. It was held that the suit could be brought in the county of Bibb, and also that "In trying the plea to the jurisdiction of the court it was not proper to go into the merits of the case. The railroad company sought to show that McCowan was not liable to the plaintiff, and that the courts of Bibb county had, therefore, no jurisdiction of the company. We think that this is a matter for determination on the final trial of the case." See *Warren* v. *Rushing,* 144 *Ga.* 612 (1) (87 S. E. 775).

4. But it is contended that the plea to the jurisdiction, in alleging that Ira W. Williams was a resident not of the county of Fulton but of the county of Thomas, would show that the

sheriff or his deputy of the county of Fulton was without authority to serve the process. It was charged that the service upon him in Fulton county was not legal or proper. It is replied by the attorneys for the plaintiff bank that, in view of the record, no question in regard to the legality of the service can be raised without a traverse of the entry as made by the deputy sheriff of Fulton county, with that officer and the sheriff made parties. We think that this point is well taken. While the plaintiff in error does not dispute that he received from the deputy sheriff of Fulton county a copy of the petition and process, he does deny that the service was legal, and this fact alone makes it necessary that he traverse the entry, it prima facie appearing from the record that the service was valid and regular, based upon a proper process. The petition alleged that the defendant was a resident of the county of Fulton. Process was directed to the sheriff and his deputies of that county. The deputy returned that he had served the defendant in person. This implied that the service was legal. It also implied that the defendant was a resident of that county, for if he were not, then the service upon him by that officer was unauthorized. *Strauss* v. *Owens,* 6 *Ga. App.* 415 (65 S. E. 161); *Caldwell* v. *Alexander Seed Co.,* 17 *Ga. App.* 571 (1) (87 S. E. 843); *Beasley* v. *Smith,* 144 *Ga.* 377 (2) (87 S. E. 293); Civil Code (1910), § 5567. No defect in the service appearing in the record, the presumptions are in favor of its validity.

If the entry had recited service by leaving a copy of the petition and process at the defendant's residence, then unquestionably a traverse of the return would have been necessary. The defendant could not have successfully denied that he resided in Fulton county, without traversing the officer's return and making him a party. *Sindall* v. *Thacker,* 56 *Ga.* 50 (1); *Kimsey* v. *Macon Lumber Co.,* 136 *Ga.* 369 (71 S. E. 675). The return in the instant case had the effect of reporting to the court from whence the process issued: "I have found Ira W. Williams to reside in the county of Fulton, and I have served him in person," or "I have this day served Ira W. Williams in person, as a resident of the county of Fulton, with a copy of the within petition and process." Since the officer of Fulton county could not rightly have made the service unless in truth Mr. Williams was a resident of that county, it necessarily follows that his residence in Fulton is implied in the return. It

may be, of course, perfectly true, as alleged in the plea, that he resided in the county of Thomas. We are referring solely to the necessity of traversing the officer's return before he could be let in to his proof of that fact.

In the case of *Bell* v. *New Orleans &c. R. Co.*, 2 *Ga. App.* 812 (59 S. E. 102), the return of service was as follows: "Served the defendant New Orleans and North Eastern Railroad Company, a corporation, by serving Ray Knight, its commercial agent, by leaving a copy of the within writ and process with him in person at the office and place of doing business of said corporation in Fulton county, Georgia. This January 30th, 1906." The defendant filed a special appearance, disputing the legality of the service. It did not deny that Ray Knight was its commercial agent, or that he was served in the manner recited in the return. It was contended merely that the scope of Knight's agency was not such as to make service upon him valid upon the company. The deputy sheriff was made a party to the traverse, but not so as to the sheriff. It was held that the traverse was necessary, and that it was insufficient because of the omission to make the sheriff a party, the court saying: "When the record shows a valid return of service, and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be duly traversed." *Georgia Railway & Power Co.* v. *Davis*, 14 *Ga. App.* 790 (2) (82 S. E. 387).

"Prima facie, at least, the return of an officer imports verity; and when there is no traverse of a sheriff's entry of service, any question as to whether the defendant was legally served may be disregarded." *Citizens Bank of Bainbridge* v. *Fort*, 15 *Ga. App.* 427 (1), 429 (83 S. E. 678); *Southern States Phosphate Co.* v. *Clark*, 19 *Ga. App.* 376 (1), 380 (91 S. E. 573); *Maund* v. *Keating*, 55 *Ga.* 396; *Hartsfield* v. *Morris*, 89 *Ga.* 254 (15 S. E. 363).

The defendant's special appearance was altogether without merit.

This case is unlike that of *Frank Adams Electric Co.* v. *Witman*, 16 *Ga. App.* 574 (85 S. E. 819). In that case the clerk of the court had omitted to annex to the petition any process requiring

the appearance of the defendant who attacked the return. It was therefore shown by the record that the service was illegal and void.

The defendant Ira W. Williams being bound by the untraversed return of service, it is immaterial whether the acknowledgment of service made in his behalf by Lee J. Williams was valid or not. If the court erred in striking the attack upon this acknowledgment, the error was harmless, and no decision is necessary upon the point.

5. After disposing of the preliminary pleas or motions of Ira W. Williams the case proceeded to a trial upon its merits, and resulted in the direction of a verdict in favor of the plea of non est factum filed by Lee J. Williams, and in favor of the plaintiff and against the defendant Ira W. Williams for the amount sued for. We think that when the verdict was directed in favor of the plea of non est factum of Lee J. Williams, jurisdiction over the person of Ira W. Williams, who did not reside in Carroll county, would thereby have been lost, and that the direction of a verdict and judgment against him would have been erroneous, unless there was a waiver of jurisdiction, or the equivalent. A proper disposition would ordinarily have been to dismiss the case as against this defendant for want of jurisdiction. *Lester* v. *Mathews, 56 Ga.* 656 (4); *Fullington* v. *Killen, 65 Ga.* 575 (2); *Rounsaville* v. *McGinnis,* 93 *Ga.* 579 (3) (21 S. E. 123); *Hamilton* v. *DuPre,* 111 *Ga.* 819 (2) (35 S. E. 684); *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (3) (38 S. E. 989, 84 Am. St. Rep. 250); *Ross* v. *Battle,* 117 *Ga.* 877 (2) (45 S. E. 252); *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775); *Maddox* v. *Brooks,* 17 *Ga. App.* 644 (2) (87 S. E. 911). But is this rule applicable to the unusual facts of this case? The defendant who invokes it solemnly declares under oath that he is responsible for the name of the other appearing upon the note,—that he placed it there himself,—but in doing so he was acting without authority. By this statement deposited in the record he is bound, perhaps not conclusively, since the plea was stricken (*Mims* v. *Jones,* 135 *Ga.* 541 (1), 544, 69 S. E. 824), but certainly to the extent that facts therein alleged may be taken as true in the absence of retraction and denial. *Lydia Pinkham Co.* v. *Gibbs,* 108 *Ga.* 138 (1) (33 S. E. 945); Civil Code (1910), § 5775. He has thus put into circulation as a commercial paper a note purporting to be the joint obligation of himself and another,

which presumably is in the hands of an innocent holder. Can he assert his want of authority against any one who did not know of it and has acted on the assumption that the signature was genuine? A man cannot thus take advantage of his own wrong. He is estopped from declaring that the case is not one of joint obligors *as between himself and the plaintiff*. All of the elements of estoppel are present. Not one is lacking. *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174). "The assent of the agent is implied whenever he acts or assumes to act on behalf of another person, and after having so acted or assumed to act, he is not permitted, in an action by such person, to deny that the agency in fact existed, or that he had acted on such person's behalf." Bowstead on Agency (6th ed.), 15. Compare Civil Code (1910), § 3584. The principle as quoted would prevent the assertion of this contention as against Lee J. Williams, on whose behalf Ira W. Williams assumed to act, and we think it would be applicable as well in favor of the holder of the note. Whether the same would be true if the note (here a sealed instrument) had shown upon its face that the name had been signed by an agent is not a question in the case. The paper appeared to be signed by each of the alleged makers in person.

The scope of the estoppel is such as to render it the equivalent of a waiver of jurisdiction. Jurisdiction of the person may of course be waived. Therefore, the court committed no error in directing the verdict in favor of the plaintiff against the non-resident defendant, notwithstanding a verdict was at the same time directed in favor of the resident defendant.

6. The sixth headnote has reference to the assignments in the bill of exceptions brought by the plaintiff in the court below and termed by counsel a cross-bill. We think that it is an independent bill, and shall so dispose of it, although, the cases being kindred, we are considering them together in a single opinion.

The plaintiff undertook to carry the burden of proving as to Lee J. Williams the execution of the note sued upon, which the law placed upon it upon the filing of the plea of non est factum. Among other things, Harvey Entrekin testified that after January 3, in the year 1921, he worked in the office of Boykin & Boykin, the attorneys for the plaintiff, and that in the early part of 1921, in the office of his employers, he heard Lee J. Williams talking to

one of the Messrs. Boykin about the note; that Mr. Boykin was "wanting him to satisfy the note for the bank, and there was some argument about it, but he finally agreed with Mr. Boykin that as soon as he could get his brother down here, he would arrange the whole matter. He never said that he signed that note. I don't remember that he said anything about that. . . He said as soon as he could get his brother Ira down here he would arrange the whole matter. . . I heard him say he would get his brother down here and 'We will arrange it.' He never made any complaint of not signing them in my presence."

Mr. B. F. Boykin testified as follows: "On December 5th or 7th—I have forgotten the date—Judge Roop, Mr. Stewart and myself went into the bank there to help collect these notes, and at the time we went in there this note sued on, signed by Ira W. and Lee J. Williams, with two or three more signed by Ira W. and Lee J. Williams, and one signed Ira and Felix,—on this particular note, we made an effort to get in touch with Lee Williams, and Ira Williams, and Lee Williams came down and promised to get his brother Ira down here and settle this note. In January he came to my office about a loan he was putting through, and he promised to get his brother down here and settle this note, and finally Ira and Lee came and they promised to settle this note. We have had a number of conversations with Lee Williams in the office and he promised to pay them, as he said, as soon as he could get Ira Williams down they would arrange them. When we sued this case Lee Williams acknowledged service in my office, and he said he would acknowledge service for Ira, that what one of them did the other would ratify it, and that it would save costs. He did not say anything at anytime before then about not signing this note. Up until the time he acknowledged service he did not claim that the note was not signed by him and not his act and deed. I expect I saw him one half dozen times in regard to this note, and every time he said he would get Ira down here and arrange it. Every conversation was in regard to the note sued on and other notes sued upon. After suit was brought he did tell me that he did not sign the note sued on. He said Ira signed this note and got the money and that he did not sign it. He said that Ira and Newt Spence had some dealings about it. That was his claim after suit was brought. Up until that time he always promised to renew

it. At the time this acknowledgment of service was made I told Mr. Williams that I had three or four suits prepared, and that if he would acknowledge service it would save cost of sheriff, and he said he would do it. I told him it would save cost of sheriff if he would sign for Ira. He seemed to think it would be satisfactory to Ira and I did too. Afterwards I had order passed by the court to have Ira served, because I feared we would have trouble about it, and that it would be the best thing to do to have him served. I could not tell when I got possession of the note sued on. Any time after Mr. Lyle was appointed liquidating agent, anything that I needed I could go and get. Mr. Lyle had all the notes, the notes that belonged to the Atlanta National Bank, transferee, and others."

The foregoing evidence, in our opinion, entitled the plaintiff to the introduction of the note. See *McLendon* v. *Shackleford*, 32 *Ga.* 474.

"Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Civil Code (1910), § 5782; *Holston* v. *Southern Railway Co.*, 116 *Ga.* 656 (2) (43 S. E. 29); *Hening* v. *Glanton*, 27 *Ga. App.* 339 (2) (108 S. E. 256); *Cason* v. *Duke*, 28 *Ga. App.* 170 (2) (110 S. E. 684). "Where the execution of a note is denied by a plea of non est factum, the note will not be received in evidence until some extrinsic evidence of its execution has been submitted. Slight evidence is sufficient to lay the foundation for its admission, but its sufficiency is for determination by the court." *Patton* v. *Bank of LaFayette*, 124 *Ga.* 965 (5) (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639); *Emory* v. *Smith*, 54 *Ga.* 273 (2).

There was no evidence whatsoever by the defendant, as the plaintiff, under the ruling of the court, was never able to shift the burden of the evidence. Of course, if the court had seen fit to admit the note in evidence, then the plaintiff would have had the burden of satisfying the jury by a preponderance of the evidence of the execution of the note as alleged. "Where a verified plea of non est factum has been filed, although slight evidence as to the execution of the paper in question may prevent a nonsuit and carry the case to the jury, yet when this slight evidence has been met by evidence to the contrary, then the burden is upon the plaintiff to prove the execution of the paper by a preponderance of the

evidence." *Bank of Norwood* v. *Chapman,* 19 *Ga. App.* 709 (6), 712 (92 S. E. 225, 227).

We do not overlook the fact that in the testimony of Mr. Boykin it is stated that the defendant, after the suit was filed, told him that he did not execute the note. It appears there had been several previous conversations in which Mr. Williams had promised to arrange the note, or renew it, without any statement as to whether he did or did not execute it. If there had been but one conversation, and in that he had denied the execution of the note, it may be that the plaintiff could not use against him his promise to arrange or renew the note without at the same time giving him the benefit of the denial of its execution made in the same connection, so that the effect of the admission would have been negatived by the contemporaneous denial or explanation. But this is not the case as presented by the evidence. When he was presented with the note with a demand for payment, his failure to repudiate the genuineness of his signature "was evidence in the nature of an admission which might be considered as bearing upon the question whether he assumed the signature as his own, but it was not conclusive. Greenfield Bank *v.* Crafts, 2 Allen 269, 273; Harrod *v.* McDaniels, 126 Mass. 413." Traders National Bank *v.* Rogers, 167 Mass. 315 (45 N. E. 923, 36 L. R. A. 539, 543, 57 Am. St. Rep. 458). We speak solely of the execution by this defendant himself, and not of the authority of another to execute for him, nor of ratification. The note is under seal, and its execution by one on behalf of another could not be binding upon the latter unless duly authorized or ratified by him under seal. *United Leather Co.* v. *Proudfit,* 151 *Ga.* 403 (107 S. E. 327).

Even if the evidence had been insufficient to authorize the introduction of the note, this would not have warranted a direction of a verdict in favor of the plea. In that case a proper disposition would have been a nonsuit. We hold, however, that in view of the plaintiff's evidence the note was improperly excluded. This rendered erroneous the subsequent direction of the verdict in favor of the plea.

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill. Jenkins, P. J., and Stephens, J., concur.*