19337. KEOUGH *v.* GEORGIA POWER COMPANY.

DECIDED SEPTEMBER 9, 1929.

*Shelfer & Dunaway, Bryan & Middlebrooks,* for plaintiff.
*Colquitt & Conyers, Sidney Smith,* for defendant.

STEPHENS, J. ■ Where a judge in certifying to a bill of exceptions interpolates in the certificate a statement which has the effect merely of supplementing the statement of facts contained in

the bill of exceptions and does not contradict any statement therein, the certificate does not have the effect of modifying or denying any statement in the bill of exceptions or of certifying that the bill of exceptions as presented does not speak the truth, but has the effect only of inserting in the bill of exceptions an additional statement of fact, not contradictory to any statement therein contained, and the bill of exceptions, as containing the additional statement of fact interpolated in the certificate of the judge, is certified as true. *Scott* v. *Whipple,* 116 *Ga.* 211 (42 S. E. 519); *Harris* v. *Lumpkin,* 136 *Ga.* 47 (70 S. E. 869); *Davis* v. *Smith,* 7 *Ga. App.* 192 (166 S. E. 401); *Lane* v. *State,* 9 *Ga. App.* 294 (70 S. E. 1118); *Williams* v. *Atlanta National Bank,* 31 *Ga. App.* 212, 216 (120 S. E. 658). This case is distinguishable from cases in which it is held that a bill of exceptions is not certified as true and the writ of error should be dismissed where the judge who certifies to the bill of exceptions interpolates, either in the certificate or in the bill of exceptions itself, a statement of fact which contradicts a statement of fact contained in the bill of exceptions. See *Jarriel* v. *Jarriel,* 115 *Ga.* 23 (41 S. E. 262); *Priester* v. *Bray,* 138 *Ga.* 69 (74 S. E. 757); *Central of Georgia Railway Co.* v. *Mills,* 143 *Ga.* 47 (84 S. E. 120); *Adamson* v. *Bradley,* 147 *Ga.* 328 (93 S. E. 894); *Watkins* v. *State,* 29 *Ga. App.* 320 (114 S. E. 915). Where a bill of exceptions to a judgment sustaining a certiorari and rendering a final judgment for the plaintiff in certiorari, which contains a copy of the written order passed by the judge sustaining the certiorari and rendering the final judgment for the plaintiff in certiorari, is presented to him for certification, and he, in certifying to this bill of exceptions, interpolates in the certificate that when this order sustaining the certiorari and rendering final judgment for the plaintiff in certiorari was passed, no objection was made to its form, this certificate contains no denial of any allegation of fact contained in the bill of exceptions, but has the effect only of inserting in the bill of exceptions an additional statement of fact, not contradictory of any statement therein, and the bill of exceptions, as containing the additional statement of fact interpolated in the certificate of the judge, is certified as true. The motion to dismiss the bill of exceptions upon the ground that the certificate of the trial judge fails to certify that the bill of exceptions is true, is without merit, and therefore is denied.

■ The mere failure of a party to a case, when an order of the court which constitutes a judgment rendered against him is passed, to object to the form of the order, does not preclude the party from objecting to the order as being erroneous. Where a petition for certiorari is sustained and a final judgment is rendered for the plaintiff in certiorari, a failure of the defendant in certiorari or his counsel, when the order putting this judgment into effect is passed, to object to the form of the order, does not preclude the defendant in certiorari from excepting to the rendition of the final judgment as being error.

■ In a suit against two defendants, where it is alleged that separate and distinct acts of each defendant constitute negligence, and that the injury to the plaintiff proximately resulted only from acts of both defendants operating concurrently, the allegation in the petition that the alleged acts of one of the defendants constitute negligence is not an admission by the plaintiff that the negligence of this defendant, unmixed with and independently of the negligence of the other defendant, proximately caused or contributed to the plaintiff's injury, where the acts alleged as constituting negligence by this defendant are not such that, under all the facts alleged, the inference is demanded as a matter of law that these alleged acts of negligence, unmixed with and independently of any negligence of the other defendant, proximately caused or contributed to the injury. Thus, in a suit against Georgia Power Company and Reed Oil Corporation, in which the plaintiff sought to recover for damage to an automobile belonging to the plaintiff, which it is alleged was damaged as a result of acts of each defendant operating concurrently as negligence, an allegation in the petition that at the time of the injury the plaintiff's automobile was in the custody of Reed Oil Corporation and was being driven by its agent, who failed to stay off the street-car track of Georgia Power Company, and failed to apply the brakes to the automobile before getting on the street-car track, and who drove the automobile thereon in full view of an approaching street-car of Georgia Power Company, and failed to get off the track before the street-car collided with the automobile and damaged it, that these acts of the driver of the automobile constituted negligence of Reed Oil Corporation, which, concurrently with acts of negligence of Georgia Power Company respecting the operation of its street-car at the time

and place, approximately caused the plaintiff's injury, and where the petition nowhere alleged that any act of Reed Oil Corporation, unmixed with and independently of any act of Georgia Power Company, proximately caused or contributed to the plaintiff's injury, and the acts alleged as being negligence of Reed Oil Corporation not being such as demand the inference that the negligence of Reed Oil Corporation, unmixed with and independently of any act of Georgia Power Company, proximately caused or contributed to the injury, the petition did not contain any admission by the plaintiff that the acts of negligence of Reed Oil Corporation, unmixed with and independently of any act of negligence of Georgia Power Company, caused or contributed to the plaintiff's injury.

■ The evidence adduced upon the trial authorizes the inference that the defendant Reed Oil Corporation had taken charge of the plaintiff's automobile for the purpose of washing it, and that when the automobile was damaged by a collision with a street-car of the other defendant the automobile was in the custody of Reed Oil Corporation and was being driven by the authorized agent of the latter.

■ Neither the pleadings nor the evidence demand the inference, as a matter of law, that the driver of the plaintiff's automobile at the time of the injury was the plaintiff's agent, or that the negligence of the driver, acting either as the agent for the plaintiff or as agent for Reed Oil Corporation, was negligence, unmixed with and independently of any negligence of Georgia Power Company, proximately contributing to or causing the plaintiff's injury.

■ It appearing that at the conclusion of the evidence the plaintiff struck Reed Oil Corporation as a defendant, and a verdict for the plaintiff in a certain amount was found against Georgia Power Company alone, and that this verdict was authorized by the evidence, the judge of the superior court, on sustaining the certiorari sued out by Georgia Power Company, erred in rendering a final judgment for the plaintiff in certiorari, Georgia Power Company.

■ Where in a suit against two defendants the plaintiff charged separate acts of each defendant which together constituted concurrent negligence proximately contributing to the plaintiff's injury, and the plaintiff, on the trial of the case, struck one of the defendants, but failed to amend the petition by striking therefrom all allegations that the alleged acts of the stricken defendant con-

stituted negligence, it was nevertheless proper for the court to instruct the jury that, since the plaintiff had dismissed the suit as to this defendant, the jury should not consider any "charge" in the petition made against this defendant.

■ Where, after the plaintiff had struck Reed Oil Corporation as a defendant and was proceeding only against Georgia Power Company, the judge charged the jury that the driver of the automobile was the agent of the plaintiff, and that the driver's conduct as respects the operation of the automobile, in so far as Georgia Power Company was concerned, was chargeable to the plaintiff, and that the plaintiff was responsible for the driver's acts in this respect, an instruction elsewhere in the charge, that any "charge made" in the petition against Reed Oil Corporation need not be considered by the jury, as the case against this defendant had been dismissed, is not subject to the objection that it had the effect of instructing the jury to disregard as admissions against the plaintiff the allegations in the petition to the effect that certain acts and conduct of the driver of the automobile constituted negligence.

■ Where the court charged that the driver of the automobile was the agent of the plaintiff, and that the driver's conduct as respects the operation of the automobile, in so far as Georgia Power Company was concerned, was chargeable to the plaintiff, and that the plaintiff was responsible for the driver's acts in this respect, it was not error (assuming that Georgia Power Company was entitled to rely upon the allegations in the petition respecting the conduct of the driver of the automobile as being admissions in judicio made by the plaintiff), for the court, in the absence of a special request, to fail to instruct the jury specifically that the various acts of the driver of the automobile which were alleged as constituting negligence on his part as agent should be considered by the jury as admissions against the plaintiff. *Georgia, Fla. &c. Ry. Co.* v. *Lasseter,* 122 *Ga.* 679, 680 (51 S. E. 15) ; *Scott* v. *Kelly-Springfield Tire Co.,* 33 *Ga. App.* 297 (10) (125 S. E. 773).

■ In a suit against a street-railroad company to recover for damage to property alleged to have been injured by the operation of one of the defendant's street-cars, a charge by the court, that on proof that the damage was caused by the operation of the defendant's street-car the defendant would be liable for the damage, unless the defendant made it appear that its agents had exercised all

ordinary and reasonable care and diligence, the presumption in all cases being against the defendant company, stated the rule substantially in the language of the Civil Code (1910), § 2780. The charge that the defendant would be liable unless it was made to appear that the defendant's agent had exercised all ordinary and reasonable care and diligence, was equivalent to an instruction to the jury that the presumption of liability arising upon proof of the injury by the defendant's car was a rebuttable presumption; and the charge that unless the defendant company should make it appear that its agents had exercised the required care and diligence, etc., did not instruct the jury, in determining whether this presumption has been rebutted, to disregard evidence offered by the plaintiff or admissions made by the plaintiff in the petition.

The judgment of the superior court sustaining the certiorari sued out by Georgia Power Company and rendering a final judgment for the plaintiff in certiorari was error, and is therefore reversed; but since the evidence did not demand the verdict rendered for the defendant in certiorari (the plaintiff in the trial court), and since the judge, by the rendition of the final judgment, necessarily failed to exercise the discretion which he possessed to grant or refuse a new trial where the verdict was not as a matter of law demanded, direction is hereby given that the case be reconsidered by the judge of the superior court, on the petition for certiorari and the answer, and that he exercise the discretion possessed by him and determine whether, upon a consideration of the evidence, the certiorari should be sustained and a new trial granted, or the certiorari dismissed.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*